ENO v. ALLEN.

EVIDENCE—HEARSAY.

113    399
152    566

In an action for malicious prosecution in procuring plaintiff's arrest upon a criminal charge, evidence of a statement made by the prosecuting attorney subsequent to the arrest, that he had told the defendant to withhold the warrant until the suspected person could be identified, is not substantive proof that the defendant was so instructed.

Error to Monroe; Kinne, J. Submitted April 14, 1897. Decided June 28, 1897.

Case by Adna Eno against Horace H. Allen for malicious prosecution. From a judgment for plaintiff, defendant brings error. Reversed.

*G. M. Landon,* for appellant.

*John E. Bird* and *John O. Zabel,* for appellee.

MONTGOMERY, J. This action is for malicious prosecution. Plaintiff showed that his arrest was under a warrant issued on a complaint made by defendant charging him (plaintiff) with the larceny of a quantity of clover seed, and further showed that he was discharged from this arrest. Defendant did not, upon this trial, contend that plaintiff was guilty of the offense of larceny, but showed the fact that the clover seed that the plaintiff was charged with having stolen was stolen from defendant, and gave evidence tending to show a combination of circumstances which pointed to the plaintiff as the perpetrator of the offense. The mistake was a mistake of identity.

The larceny occurred some weeks before the institution of the prosecution, and the public authorities, including the prosecuting attorney and sheriff, had been endeavor-

ing to discover the offender. The prosecuting attorney, it would seem, had sent word to the defendant to come to Monroe to make complaint. Defendant went to Monroe, and had a short talk with the prosecuting attorney, who was at the time engaged in the trial of a case, and stated that he told him all that he could in the time that he had, and kept nothing back which he thought was pertinent; that he did not know the man, and did not wish him arrested if he was not the man wanted; that he told the prosecuting attorney what he had been told, and the suspicious circumstances; that the prosecuting attorney directed the defendant to go with the sheriff, and take out a warrant, stating that he would send a man to identify with the sheriff before making the arrest, and, if they did not identify plaintiff, he (plaintiff) was not to know that the sheriff had a warrant. This testimony was corroborated by the prosecuting attorney. Defendant testified on the cross-examination that he did not tell the prosecuting attorney all the facts, as he did not have time. The plaintiff also introduced testimony tending to show that the prosecuting attorney, some time after the arrest, stated to the witness that he had directed the defendant to make complaint; that he had no time to talk with defendant at the time, and told defendant that he might make complaint, but to investigate it further before serving the warrant. This testimony was disputed by the prosecuting attorney.

The question naturally presented by this testimony was whether the prosecuting attorney was responsible for the prosecution or whether the defendant instituted it. As to the controlling question in determining this fact, see *Smith* v. *Austin*, 49 Mich. 286. Whether the defendant's requests presented this theory we need not inquire, as the court, in one material portion of the instruction, fell into serious error. The instruction given was as follows:

" It is claimed on the part of the plaintiff that, when the prosecuting attorney directed Mr. Allen to make the com-

plaint, he instructed him not to have the warrant served until he (Mr. Allen) had made further investigation. This is controverted and disputed by Mr. Allen and Mr. Lockwood, the prosecuting attorney. If, however, the contention of the plaintiff in this respect is correct, it imposed upon Mr. Allen the duty to further investigate the identity of the plaintiff, and, if he failed to do so, then the authority of the prosecuting attorney would be no protection to him; but if Mr. Allen, acting through the sheriff and the other parties, did make further investigation before the service of the warrant, and if such investigation would have satisfied an ordinarily prudent man of the identity and guilt of the plaintiff, then, even though a mistake was made, the defendant would be fully protected and justified."

There was no proof whatever that the prosecuting attorney told defendant not to serve the warrant until the plaintiff was identified, except the alleged admission made long after the complaint was made. This was not substantive proof of the fact.

Judgment will be reversed, and a new trial ordered.

LONG, C. J., and HOOKER, J., concurred with MONTGOMERY, J.

GRANT, J. I concur in the reversal of this case, but I think that the court should have directed a verdict for the defendant. The record contains no evidence of bad faith or malice on the part of the defendant, nor does it show that he withheld any material fact from the knowledge of the prosecuting attorney. The only statement I find in the record from which the inference could be drawn that he did withhold material facts is found in defendant's cross-examination, which is given in narrative form. He testified: "Our conversation lasted probably five minutes, and do not think I told him all I knew. I did not tell him anything I did not know." The officer and the prosecuting attorney had been active in their efforts to discover the thief who stole the clover seed. The defendant went to see the prosecuting attorney at the lat-

ter's request. The prosecuting attorney then directed defendant to make a complaint against plaintiff, and directed the officer not to serve it until he was satisfied from investigation of the identity of the plaintiff. After that defendant had nothing to do with the proceeding. If there is fault chargeable to any one, it is to the prosecuting attorney and sheriff, rather than to the defendant.

MOORE, J., concurred with GRANT, J.