ROSENBERG *v.* MAGEDA.

1. WITNESSES—RIGHT TO EXPLAIN STATEMENT.

Where, in action for personal injuries received by plaintiff in automobile accident, it was brought out on her cross-examination that she signed statement relating to said accident and her injuries, it was error to exclude her testimony explaining circumstances under which said statement was procured, even though it might appear that it was procured by adjuster of insurance company.

Admissibility of previous statements by witness out of court consistent with his testimony, see annotation in 41 L. R. A. (N. S.) 857 *et seq.*

2. SAME—LETTER REFERRED TO IN CROSS-EXAMINATION SHOULD HAVE
   BEEN RECEIVED IN EVIDENCE.
   Where plaintiff's witness was cross-examined as to letter written
   by him, plaintiff had right to have letter introduced in evi-
   dence and explain circumstances under which it was written,
   and especially to introduce that part of letter modifying state-
   ments drawn out on cross-examination.

3. SAME—CONTRADICTORY STATEMENTS GO TO CREDIBILITY—NOT SUB-
   STANTIVE EVIDENCE.
   Statements made by witness out of court in conflict with her
   testimony could be considered as bearing on her credibility,
   but not as substantive evidence in case.

4. TRIAL—INSTRUCTION—CONTRADICTORY STATEMENTS.
   Instruction that jury could consider statement made by plain-
   tiff out of court as bearing upon her claim at trial was
   erroneous.

5. SAME—INSTRUCTION ON QUESTION NOT IN ISSUE ERRONEOUS.
   Instruction as to duty of guest when automobile is being driven
   at excessive speed was erroneous, where there was no claim
   that, at time of accident sued on, speed of automobile was
   excessive or dangerous.

Case-made from Allegan; Cross (Orien S.), J.
Submitted June 17, 1930. (Docket No. 92, Calendar
No. 34,827.) Decided October 3, 1930.

Case by Annette Rosenberg against Bernard
Mageda for personal injuries. Plaintiff reviews
judgment for defendant by case-made. Reversed,
and new trial ordered.

*Leo W. Hoffman* and *Clare E. Hoffman* (*Carl E.
Hoffman,* of counsel), for plaintiff.

*Harry C. Howard,* for defendant.

POTTER, J. Plaintiff brought suit against defend-
ant to recover damages for injuries alleged to have

been suffered by her through defendant's negligence at a time when plaintiff was a guest in defendant's automobile.

It is plaintiff's claim that defendant, with whom she was riding, carelessly and negligently permitted the automobile being operated by him on the public highway to get out of control and tip over and injure her. The case was tried before a jury which returned a verdict of no cause of action, upon which judgment was entered November 14, 1929. Motion for a new trial was made and denied, and plaintiff brings case-made.

It was brought out on cross-examination of plaintiff that she had, after the accident complained of, signed a written statement relating to the accident and her injuries. Plaintiff sought on redirect examination to interrogate the witness as to what was said to her at the time she signed the statement, to induce her to sign the same. It appeared from the testimony the plaintiff was unable to read English. This testimony proffered on redirect examination was excluded. Plaintiff had a right to fully explain the circumstances under which this paper was procured and state what was said to induce her to sign the same, even though it might appear from her testimony the statement was procured by the agent or adjuster of an insurance company holding the policy on defendant's car. It was error to exclude this testimony.

Dr. Penoyar, a witness for plaintiff, was, on cross-examination, shown a letter written by him, and testified in part to its contents. Plaintiff sought on redirect examination to show how the witness happened to write the letter. The trial court refused to permit plaintiff to show the circumstances under which witness wrote the letter, and held plaintiff

could not ask him about any other statement in the letter than that brought out on cross-examination. The letter was not introduced in evidence. Plaintiff had a right to have a letter, upon which the witness was cross-examined, introduced in evidence. Full liberty of explanation of the circumstances under which the letter was written should have been afforded. *Stoudt* v. *Shepherd,* 73 Mich. 588; *Van Dusen* v. *Letellier,* 78 Mich. 492; *People* v. *Mills,* 94 Mich. 630; *People* v. *Davis,* 217 Mich. 661. Plaintiff had a right to have all that part of the letter in question, which modified in any way the statements drawn out by defendant on cross-examination relevant to the issue, introduced in evidence.

The court charged the jury they might consider the statements made by plaintiff in her signed statement as bearing upon the claim she made at the trial. The statements made by a witness out of court, in conflict with her testimony, could be considered as bearing upon her credibility, but not as substantive evidence in the case. *Eno* v. *Allen,* 113 Mich. 399; *Hutchins* v. *Murphy,* 146 Mich. 621. To instruct the jury they could so consider such testimony was error.

Plaintiff claimed, and the testimony tends to show, defendant was driving in loose gravel at the time the accident occurred. He had been driving in loose gravel for some time. It is not shown he was driving rapidly, but it is claimed he took his hand off the wheel to point to an asparagus bed, and the car suddenly left the traveled part of the road, and, in his attempt to right it, the car struck a bank and turned over. The court charged the jury:

"You are instructed that one riding in an automobile driven by another, as the plaintiff was in this

case, may not place his (her) safety entirely in the keeping of the driver of the automobile, but must exercise due and reasonable care for her protection and safety. An invitee riding in an automobile at an excessive and dangerous speed is required to exercise such care as is reasonable and practical to avoid injury to herself, and, if she failed to warn the driver, or remonstrate with him, or demand that the auto be stopped so that she may leave it, or to take any precautions for his or her own protection when there was time and opportunity to do so, and if she is guilty of contributory negligence, no recovery can be had for injuries sustained by her through the negligent operation of the automobile."

This instruction had no application to the facts involved. Neither plaintiff nor defendant claimed the speed of the automobile was excessive or dangerous. To give it was prejudicial to plaintiff.

Other errors are assigned. They are not likely to arise on a new trial. Judgment reversed, with costs, and a new trial ordered.

WIEST, C. J., and BUTZEL, CLARK, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.