PERRY *v.* F. BYRD, INC.

1. Trial—Instructions—Witnesses—Statements Out of Court—Credibility—Substantive Evidence.
    Instruction in personal injury case arising out of collision between automobile and a truck at a street intersection that written statements made by witnesses out of court might be used for impeaching credibility of witness who made it and if witness testified contents of statement were true then statement might be considered substantive evidence to prove fact in statement *held,* correct.

2. Witnesses—Statements Prior to Trial—Impeachment.
    Written statement made prior to trial merely identified by witness who made it or contents denied may only be used for impeachment purposes.

3. Costs—Brief on Appeal.
    Costs are denied appellee on affirmance of judgment on appeal where it filed no brief.

Appeal from Wayne; Ferguson (Homer), J. Submitted April 20, 1937. (Docket No. 124, Calendar No. 39,231.) Decided June 29, 1937.

Case by Floss Perry against F. Byrd, Inc., a Michigan corporation, for personal injuries sustained in a collision at an intersection between a car and a truck. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Juntunen & De Coursey,* for plaintiff.

BUTZEL, J.  A car in which plaintiff was riding as guest passenger collided with defendant's truck, consisting of a tractor and trailer, at the intersection of Fullerton and Birwood avenues, Detroit.  Plaintiff, who was injured in the collision, claims that defendant's driver was negligent in driving into the intersection after the automobile, in which plaintiff was a guest, had arrived there and claimed the right of way.  Two of plaintiff's witnesses previously had signed written statements that contradicted their testimony on the trial.  The driver of the car in her written statement said that she "had partially completed—in fact almost completed the turn when my left fender on the side and just above the wheel was struck against the truck just back of the cab."  When confronted with this written statement, she testified:

"That is not correct.  By that statement I meant the truck's front wheel because that is what happened.  It is not true that the trailer had practically passed when I hit it."

The other witness testified in regard to a written statement, signed by him and contradicting his testimony at the trial;

"I read it carefully before I signed it.  I said a minute ago that when the truck was at one intersecting line the Ford was at the other.  In a statement I said 'when the truck's front end was at the south curb of Fullerton I saw a westbound Ford V-8 sedan on Fullerton just west of Birwood.' * * * I was telling the truth when I made this statement."

Both statements were offered in evidence for the purpose of impeachment.

The judge in his charge to the jury referred to the written statements offered in evidence and stated

that they might be used for impeaching the credibility of the witnesses and also if the witness had made a statement out of court and counsel asked such witness if that statement were true and the witness stated that it was true, then it might be "considered substantive evidence, that is, evidence to prove the fact in the statement." Defendant claims on appeal that statements made by other persons than plaintiff, but offered merely for impeachment purposes cannot be considered substantive evidence to prove a material fact even though the written statements are admitted to be true on cross-examination. The judge correctly charged the jury. Had the written statements made prior to the trial merely been identified by the witness or the contents denied, they could be used only for impeachment purposes. *Rosenberg* v. *Mageda,* 251 Mich. 696. Notwithstanding the fact that a written statement is offered solely for impeachment purposes, so much thereof as a witness at the time adopts by admission of the truth thereof becomes substantive evidence. See *Breeden* v. *Martens,* 21 S. D. 357 (112 N. W. 960).

The judgment is affirmed, without costs in this court, appellee having filed no brief.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.