BLACK v. AMBS.

1. NEGLIGENCE—PRESUMPTION OF DUE CARE OF DECEDENT—EYE-
   WITNESSES.
   Presumption that one who is fatally injured in an accident had
   exercised due care does not apply where there is an eyewitness
   even though the eyewitness is an adverse party.

2. SAME—FATAL INJURIES—EVIDENCE—PRESUMPTIONS.
   When there is an eyewitness to an accident in which a person is
   fatally injured, the issue of due care rests upon proof and not
   upon presumption.

3. DEATH—PRESUMPTION OF DUE CARE—PEDESTRIANS—AUTOMOBILES
   —INSTRUCTIONS.
   In action under death act, as amended, by administratrix of
   pedestrian who was fatally injured after he had stepped out
   from between two parked cars about 10:30 p.m. on a very
   rainy night, where it does appear that defendant motorist and
   his wife were eyewitnesses, the issue of due care of plaintiff's
   decedent rested upon proof, the presumption of due care on
   part of decedent did not apply, and court properly instructed
   jury to that effect (3 Comp. Laws 1929, §§ 14061, 14062, as
   amended by Act No. 297, Pub. Acts 1939).

4. APPEAL AND ERROR—INTERRUPTION OF CLOSING ARGUMENT—
   HARMLESS ERROR.
   In action against motorist whose testimony at trial did not
   harmonize in all respects with previously-signed statement as
   to how accident had occurred, trial court committed only harm-
   less error by interrupting closing argument of plaintiff's coun-
   sel to jury, while latter was calling jury's attention to the
   discrepancies, and informing jury that the statement was
   merely rebuttal testimony to impeach the witness and not
   testimony in chief, where it is not shown that if the dif-
   ferent parts of the statement had been accepted as testimony
   in chief that jury would have arrived at a different verdict.

5. AUTOMOBILES—BRAKES—INSTRUCTIONS—STATUTES—NEGLIGENCE.
In action against motorist who' claimed his' brakes were in good working order, instruction containing quotation of pertinent statutory requirements as to brakes accompanied by statement that it was negligence *per se* to violate the motor vehicle statute was proper (1 Comp. Laws 1929, § 4731, as amended by Act No. 318, Pub. Acts 1939).

6. APPEAL AND ERROR—REQUEST TO CHARGE—INSTRUCTIONS.
One against whom the verdict of ·a jury has been rendered has no sound basis for complaining of error in the matter of failure to give a request to charge where the charge requested is properly covered in instructions to the jury in a manner favorable to such party.

7. AUTOMOBILES—PEDESTRIANS—QUESTIONS FOR TRIER OF FACTS—WEIGHT OF THE EVIDENCE.
In action against motorist under death act, as amended, by administratrix of estate of pedestrian who was fatally injured while crossing street in the middle of a block at 10:30 p.m. on a rainy night in June where principal issues of defendant's negligence and contributory negligence of plaintiff's decedent involved questions of fact upon which jury rendered verdict for defendant, verdict *held,* not contrary to the weight of the evidence (3 Comp. Laws 1929, §§ 14061, 14062, as amended by Act No. 297, Pub. Acts 1939).

Appeal from Jackson; Simpson (John), J. Submitted October 13, 1943. (Docket No. 31, Calendar No. 42,509. Decided December 29, 1943.

Case by Angela Black, administratrix of the estate of Steven Black, deceased, against Earl Ambs for damages arising from death of· deceased. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Rosenburg, Painter & Navarre,* for plaintiff.

*Kleinstiver & Anderson,* for defendant.

SHARPE, J. This is an action for damages brought under the death act, 3 Comp. Laws 1929,

§§ 14061, 14062, as amended by Act No. 297, Pub. Acts 1939 (Comp. Laws Supp. 1940, §§ 14061, 14062, Stat. Ann. 1943 Cum. Supp. §§ 27.711, 27.712), for fatal personal injuries to Steven Black arising out of an automobile accident.

The accident out of which this action arose occurred at about 10:30 p.m., on June 13, 1942, on Page avenue in the city of Jackson, Michigan. Page avenue is a brick paved street, 37 feet in width, running northwest and southeast. At the scene of the accident, Page avenue is straight, there being a curve in the street about two or three blocks to the northwest.

Defendant, Earl Ambs, was driving his automobile in a southeasterly direction on Page avenue. He was accompanied by his wife. The head lights on his car were lighted and burning brightly. It had been raining during the evening and at the time of the accident was raining very hard. The windshield wiper on the driver's side of the car was working properly. It was the only windshield wiper on the car. At the time of the accident there were cars parked on the northerly and southerly sides of the street.

Plaintiff's decedent was a man 52 years of age. Prior to this accident, he had had an operation for a rupture; and limped somewhat and walked slowly. About 10:30 in the evening of June 13, 1942, he attempted to cross Page avenue in the middle of the block. He started from the southerly side of the street, stepped from between two parked automobiles, walked to near the center of the street, and was struck by defendant's car. He was found lying in a pool of blood near the center of the street, was taken to the hospital and as a result of his injuries died July 2, 1942.

It is the claim of plaintiff that after the accident, her decedent was found lying on the north side of the street; that defendant's brakes were defective in that when they were used they pulled the car to the left; and that defendant was not making any observations for cars or pedestrians on the street and did not see decedent until a moment before the impact.

Defendant claims that after he rounded the curve in Page avenue, he was driving about 20 to 22 miles per hour; that he saw decedent come out from between two cars parked along the southerly side of the street and proceed in a northerly direction across Page street; and that as decedent approached the center line of the street, he hesitated and stepped backwards a couple of steps and as he did so defendant's car struck him.

The cause was submitted to a jury. After the jury returned a verdict in favor of defendant, plaintiff made a motion for a new trial which was denied. Plaintiff appeals.

It is the claim of plaintiff that defendant and wife did not see decedent prior to the impact; and that, therefore, the presumption of due care in the absence of eyewitnesses prevails. This claim is based upon testimony that shortly after the accident, a police officer, in the presence of defendant and wife, asked if there were any eyewitnesses and no one claimed that there was; that prior to the trial of the cause, defendant signed a statement to the effect that when he first saw decedent, he, defendant, was about 15 feet from the decedent and at that time decedent was standing in the highway about six and a half feet north of cars parked on the south side of the street; and that because there was no windshield wiper directly in front of where defendant's

wife sat it was impossible for her to see decedent on the street. As opposed to this evidence, defendant and wife testified on the trial that they saw decedent step out from between two parked cars at a time when they were only a car length and a half away.

In *Foote* v. *Huelster,* 272 Mich. 194, we said:

"Where there is an eyewitness to an accident the issue of due care rests upon proof and not upon presumption. This is so even if the eyewitness is the adverse party."

See, also, *Buchel* v. *Williams,* 273 Mich. 132; *Collar* v. *Maycroft,* 274 Mich. 376; *Kalbfleisch* v. *Perkins,* 282 Mich. 27; and *Peck* v. *Hampel,* 293 Mich. 252.

In our opinion defendant and wife were eyewitnesses. Under the testimony produced at the trial, the trial court was correct in instructing the jury:

"The plaintiff in this case is not entitled to any presumption that the decedent, Steven Black, was in the exercise of due care. Such presumption of due care obtains in a case where a plaintiff has died only where there are no eyewitnesses to the accident, but such presumption is merely a presumption and must yield to proof or evidence, and where there are eyewitnesses to an accident, even though such eyewitnesses may be the adverse party, or relatives of the adverse party, or persons riding with him, or where such presumption is rebutted by proof of physical facts, no consideration or weight may be given to such presumption, but the issue of due care must be determined upon the facts and the evidence in the case. In the case now before you, it does not appear that there were no eyewitnesses to the accident, and you can therefore give no weight or consideration to any presumption

that the plaintiff's decedent was in the exercise of due care."

Plaintiff further urges that the trial court in his rulings and comments committed prejudicial error. It is not claimed that the comments were deliberate or intended to influence the jury, but that their effect upon the jury resulted in prejudice to plaintiff's cause.

It appears that prior to the trial of the cause, defendant, Earl Ambs, signed a statement as to how the accident occurred. This statement was introduced in evidence, but did not harmonize in all respects with the evidence of Earl Ambs upon the trial of the cause. During the course of the closing argument on behalf of plaintiff, when reference was made to the signed statement made by defendant, the trial court interrupted plaintiff's counsel with this statement:

"Of course, jurors, you realize, as I have stated before, that is not testimony in chief; that is merely to rebut his testimony that he has given here on the stand, to impeach that, and not testimony in chief."

In our opinion the comment of the trial court was not in harmony with the rule announced in *Perry v. F. Byrd, Inc.,* 280 Mich. 580, as all matters in the signed statement which the witness agreed were true would become "substantive evidence," but it is not shown that there were parts of that statement necessary to plaintiff's case, or parts which, if accepted as testimony in chief, would have created a probability that the jury would have arrived at a different verdict. It was a harmless error and the trial court did not commit prejudicial error in directing the jurors' attention to this fact.

It is next urged that the trial court was in error in failing to give the following instruction:

"I further instruct you that under the provisions of 1 Comp. Laws 1929, § 4731, as amended* with respect to the brakes on automobiles, the statute provides as follows:

" 'Every motor vehicle, other than a motorcycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle including 2 separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least 2 wheels. * * * All brakes shall be maintained in good working order and shall be so adjusted as to operate as equally as practicable with respect to the wheels on opposite side of the vehicle.'

"In that connection I instruct you that this defendant admits that his brakes were not in good working order and I instruct you that this defendant was guilty of negligence as a matter of law in operating his car with his defective brakes and if you find by the greater weight of the evidence that the plaintiff's decedent was free from contributory negligence and that this negligence of the defendant caused or contributed to the accident, then I instruct you, members of the jury, the plaintiff would then as a matter of law be entitled to recover damages at your hands."

However, the trial court did give the following instruction:

" 'Every motor vehicle when operated on a highway shall be equipped with brakes adequate to control the movement of and to stop and to hold such vehicle, including two separate means of applying the brakes, each of which shall be effective to apply the brakes to at least two wheels and so constructed that no part which is liable to failure shall be com-

---

* The portion quoted was taken from this section as amended by Act No. 318, Pub. Acts 1939.—Reporter.

mon to the two, except that a motorcycle need be
equipped with only one brake.

" 'Adequate brakes shall consist of a service
brake capable of stopping the vehicle within a dis-
tance of forty feet from a speed of twenty miles an
hour on a dry, smooth, hard surface road free from
any loose material; and an emergency brake capable
of holding the vehicle on any grade which it can as-
cend.' *

" 'Every motor vehicle, other than a motorcycle,
when operated upon a highway shall be equipped
with brakes adequate to control the movement of
and to stop and hold such vehicle, including 2 sep-
arate means of applying the brakes, each of which
means shall be effective to apply the brakes to at
least 2 wheels.  If these two [separate] means of
applying the brakes are connected in any way, they
shall be so constructed that failure of any 1 part of
the operating mechanism shall not leave the motor
vehicle without brakes on at least 2 wheels.   *   *   *
All brakes shall be maintained in good working or-
der and shall be so adjusted as to operate as equally
as practicable with respect to the wheels on op-
posite side of the vehicle.'

"I instruct you, members of the jury, that that is
the provision of the motor vehicle law as to brakes
and also as to stopping within the assured clear
distance ahead, and speed.  As to the violation of
the provisions of the motor vehicle law, we com-
monly call that, if they violate them, to be negli-
gence, called negligence *per se.*"

In view of the fact that defendant claimed his
brakes were in good working order, we think the
question of adequate brakes was properly submit-
ted to the jury.

---

* The two preceding paragraphs comprise 1 Comp. Laws 1929,
§ 4731.   The following paragraph was taken from that section as
amended by Act No. 318, Pub. Acts 1939.—REPORTER.

Plaintiff also urges that the trial court erred in failing to give the following requested instruction:

"I further instruct you that under ordinance No. 167 of the city of Jackson, § 99, that it is unlawful for any person to drive or move or for the owner to cause or knowingly permit to be driven or moved on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person or property or which does not contain those parts or is not at all times equipped with such lamps and other equipment in proper condition and adjustment as required in this article or which is equipped in any manner in violation of this article or for any person to do any act forbidden or fail to perform any act required under this article. And section 102 of said ordinance under said article 8 provides that every motor vehicle shall be equipped with brakes described in Act No. 318, § 39, Pub. Acts 1927, as amended, which statute I have heretofore read to you. In connection with this ordinance, I instruct you that if you find from the greater weight of the evidence that the defendant, Earl Ambs, violated the provisions of said ordinance, that such violation would be evidence of negligence."

Section 99 of the above ordinance makes it unlawful to drive an automobile with equipment in such an unsafe condition as to endanger any person or property, while section 102 of the ordinance provides that motor vehicles shall be equipped with brakes as described in the State motor vehicle law.

The trial court properly covered this request in his instructions to the jury in a manner favorable to plaintiff. Plaintiff has no sound basis for complaining of error on this matter.

The trial court also gave the following instructions:

"I further instruct you that the plaintiff's decedent had a right to cross Page avenue between intersections and that his right to the use of the street as a pedestrian was reciprocal with the right of the defendant in that regard. I instruct you that the plaintiff's decedent had a right to start walking across the street and he would not be negligent in so doing if under the circumstances it reasonably appeared to him that he could cross the street in safety and said plaintiff's decedent had a right to assume that the drivers of automobiles on said highway would operate such automobile with due care and take reasonable observation of the path ahead of said automobile.

"I further instruct you that it is not enough that a driver be able to stop within the range of his vision or that he use diligence to stop after discerning an object. The rules make no allowance for delay in action. He must, on peril of legal negligence, so drive that he can actually discover an object, perform the manual acts necessary to stop, and bring the car to a complete stop within such range, if necessary to avoid collision with and injury to others on the highway. If his vision is interfered with by any condition so that he cannot see the required distance ahead, he must bring his car to such control that he can stop said car within the assured clear distance ahead that he can see.

"The fact that the said defendant may have done all that a prudent and careful driver could have done to avoid the collision after he discovered the deceased near the middle of the intersection would not relieve the defendant from liability for his negligence prior thereto, if such prior act of negligence was the proximate cause of the injury.

"I further instruct you, members of the jury, that the defendant, as he was driving east on Page avenue, is chargeable with having seen that which was to be seen, and in that connection I instruct you that if he could and should have seen the plain-

tiff's decedent when the plaintiff's decedent was standing at or near the center of the street and at a time when the defendant was some distance to the west thereof and approaching him, and that if the defendant, as a reasonably prudent person, could or should have observed that there was traffic approaching from the opposite direction, that the defendant should have then realized that it might be dangerous for him to continue ahead driving closely to the plaintiff's decedent, and if you find that the defendant should have seen and apprehended the situation and possible danger, but failed to take any precaution to avoid possible injury to the plaintiff's decedent, when a reasonably prudent person would have taken such precaution, then the failure of the defendant to exercise ordinary and reasonable care under such conditions would constitute negligence."

We have carefully examined all of the instructions given by the trial court; and in our opinion the issues were fairly presented and the rights of plaintiff adequately protected. We have also examined the errors alleged in the comments and rulings of the trial court. Space will not permit our commenting on each and every ruling and comment made, but in our opinion there was no prejudicial error committed by such rulings and comments. The principal issues involved in this cause were the negligence of defendant, if any, and the contributory negligence of plaintiff's decedent, if any. These issues involved questions of fact. A jury has passed upon them and we cannot say that their verdict is contrary to the weight of the evidence.

The judgment is affirmed, with costs to defendant.

BOYLES, C. J., and CHANDLER, NORTH, STARR, BUTZEL, and BUSHNELL, JJ., concurred with SHARPE, J. WIEST, J., concurred in the result.