BUTLER v. KAJFES

1. INTOXICATING LIQUORS—DRAMSHOP ACT—VIOLATION—DAMAGES.
   Exemplary damages are allowed by the dramshop act for its violation, and malice need not be proved (CLS 1961, § 456.22).

2. TRIAL—COMMENT OF COUNSEL—INSURANCE COVERAGE—ABSENCE OF WITNESS—DRAMSHOP ACT.
   Defense counsel cannot object to interrogation or a comment regarding insurance coverage or the absence of defendant's bartender at trial of a dramshop act case where the introduction of questions about these things into the trial can be traced to questions by him (CLS 1961, § 436.22).

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 January 14, 1969, at Detroit. (Docket No. 4,872.) Decided February 26, 1969. Rehearing denied April 2, 1969. Leave to appeal denied October 14, 1969. See 382 Mich 785.

Complaint by Clifton E. Butler, Jr., against Frank Kajfes operator of Smitty's Bar for personal injuries caused by defendant's violation of the dramshop act. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Kelly, Greenstein & McCann,* for plaintiff.

*Caplan & Barsky (Edward M. Miller,* of counsel), for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur, Intoxicating Liquors § 564.
[2] 53 Am Jur, Trial § 463 et seq.

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

PER CURIAM. Plaintiff received a jury verdict in the amount of $25,000 for defendant's violation of the dramshop act, CLS 1961, § 436.22 (Stat Ann 1969 Cum Supp § 18.993).

A review of the record establishes there was sufficient and competent evidence upon which the jury could find as a question of fact that there was an unlawful sale by the agent of the owner. This illegal sale did have a causal connection with the injury to the plaintiff.

Exemplary damages are allowed by the statute for its violation, and malice does not have to be proved. The medical and dental proofs submitted by plaintiff were sufficient to reasonably support the verdict.

The introduction of insurance into the trial can be traced to questions by defense counsel and he cannot thereafter object to further interrogation or comment. *Rosenberg* v. *Mageda* (1930), 251 Mich 696; *Gegan* v. *Kemp* (1942), 302 Mich 218.

The statement of plaintiff's counsel concerning the absence of the bartender at trial was also brought about by a remark of defense counsel and cannot be considered error.

Other issues raised by the defendant do not merit discussion.

Affirmed. Costs to appellee.