SMITH v WORONOFF

LOVE v SMITH

Opinion of the Court

1. Intoxicating Liquors—Dramshop Act—Unlawful Sale—Proof
—Statutes.

An unlawful sale is one element of a dramshop action which a
party seeking recovery under that act must prove (MCLA
436.22; MSA 18.993).

2. Judgment—Summary Judgment—Motion—Material Fact—
Factual Support—Test.

A motion for summary judgment grounded on no genuine issue
as to a material fact is designed to test whether there is factual
support for a claim.

3. Judgment—Summary Judgment—Summary Hearing—Trial—
Essential Element—Claim or Defense.

Motions for summary judgment require a court to be careful not
to substitute a summary hearing for a trial; trial may be
avoided only if the hearing record shows that an essential
element of proof of the claim or defense cannot be supplied, or
support is impossible because of some deficiency which cannot
be overcome.

4. Judgment—Summary Judgment—Disputed Issue—Evidence.

Summary judgment grounded on no genuine issue as to material
fact is properly granted unless the party opposing the motion
shows the court evidence of a disputed issue which is both
genuine and material.

References for Points in Headnotes
[1] 45 Am Jur 2d, Intoxicating Liquors § 561 *et seq.,* 578.
Liability, under Dramshop Acts, of one who sells or furnishes liquor
otherwise than in operation of regularly established liquor busi-
ness. 8 ALR3d 1412.
[2, 4, 7, 8] 73 Am Jur 2d, Summary Judgment § 15.
[3, 12] 73 Am Jur 2d, Summary Judgment § 26 *et seq.*
[3, 5, 6, 9–11] 21 Am Jur 2d, Criminal Law § 343.
　81 Am Jur 2d, Witnesses § 481.

5. WITNESSES—INTOXICATING LIQUORS—PRIOR INCONSISTENT STATE-
   MENTS—ADMISSIBILITY—IMPEACHMENT—SUBSTANTIVE EVIDENCE
   —DRAMSHOP—ILLEGAL SALE.

   A witness's prior inconsistent statement is admissible to impeach
   his later trial testimony that there was no illegal sale in a
   dramshop action; but such a prior inconsistent statement is not
   admissible as substantive evidence of an illegal sale.

6. WITNESSES—PRIOR INCONSISTENT STATEMENTS—ADMISSIBILITY—
   SUBSTANTIVE EVIDENCE—CODEFENDANT.

   A prior inconsistent statement of a witness is not admissible as
   substantive evidence of matters asserted therein, nor is an
   admission by one defendant admissible as substantive evidence
   against a codefendant.

7. JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT—JURY SUBMIS-
   SIBLE CASE.

   The issue presented by a motion for summary judgment based on
   no genuine issue of fact is not a determination of whether
   plaintiff has a jury submissible case, but simply whether a
   genuine issue of fact has been raised.

8. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT—FACTUAL ASSER-
   TION—CREDIBILITY.

   A motion for summary judgment cannot be granted where the
   truth of a material factual assertion of a movant's affidavit
   depends on the affiant's credibility because there inheres a
   genuine issue to be decided at a trial by the trier of fact.

9. WITNESSES—VALUE OF CROSS-EXAMINATION—CONTRADICTORY
   STATEMENTS—PERJURY.

   The value of cross-examination at a trial can be substantial and
   even decisive where a witness has made contradictory sworn
   statements as to a material fact, because where he is con-
   fronted with the inconsistent statements at trial and reminded
   of the penalties for perjury he may adopt one of the statements
   as true.

10. WITNESSES—INTOXICATING LIQUORS—CONFLICTING STATEMENTS—
    ADMISSIBILITY—SUBSTANTIVE EVIDENCE.

    A prior statement that an illegal purchase was made at a bar,
    where later statements conflict, if adopted by the witness at
    trial becomes admissible against the bar as substantive evi-
    dence of a sale.

11. JUDGMENT—SUMMARY JUDGMENT—WITNESSES—CONTRADICTORY STATEMENTS—MATERIAL ISSUE—TRIAL.

Summary judgment is inappropriate where a witness has made contradictory sworn statements on a material issue and the result of the case may turn on which of the inconsistent statements he adopts at trial.

DISSENT BY C. L. HORN, J.

12. JUDGMENT—SUMMARY JUDGMENT—COMPLIANCE—ACTION OR DEFENSE—EVIDENCE—MISSING EVIDENCE—COURT RULES.

*A case should not go to trial where there is only the faintest expectation that a witness will change his testimony so as to supply a missing element of a cause of action or defense; there is compliance with the rule for summary judgment where a party fails to meet the burden of showing the existence of any evidence of a missing element that could be developed at the time of trial (GCR 1963, 117.3).*

Appeal from Wayne, Thomas J. Foley, J. Submitted December 8, 1976, at Detroit. (Docket Nos. 25470, 25471.) Decided April 18, 1977.

Complaint by Cecilia A. Smith and others against Barney Woronoff, doing business as Dexter Bar, and Herbert Love for damages for injuries resulting from an automobile accident. Complaint by Herbert Love and Geraldine Love against Robert L. Smith, Jr., for damages for injuries resulting from the same accident. Robert L. Smith, Jr., filed a counterclaim against the Loves and a third-party complaint against Barney Woronoff. Cases consolidated for trial. Summary judgment for Barney Woronoff in both cases. Cecilia A. Smith, and others, and Robert L. Smith, Jr., appeal. Reversed.

*Sheldon Wachler* and *Mayer B. Gordon,* for plaintiffs.

*Seth H. Barsky,* for defendants.

Before: Bronson, P. J., and Bashara, and C. L. Horn,* JJ.

Bronson, P. J. These appeals are from orders granting summary judgment in favor of appellee Barney Woronoff, doing business as Dexter Bar, in two cases which were consolidated below. The cases arose out of one factual occurrence, an automobile accident, which resulted in several parties seeking recovery for injuries against the Dexter Bar under the dramshop act. MCLA 436.22; MSA 18.993.

The automobile accident occurred on November 15, 1970, and involved one vehicle driven by Herbert Love and another driven by Robert Lee Smith, Jr. Love instituted a negligence action for damages against Smith. Smith counterclaimed and filed a third-party claim against the Dexter Bar under the dramshop act.

The other action was begun by the passengers in the Smith vehicle, against Love and the Dexter Bar. The cases were consolidated below and discovery proceeded to completion.

On June 23, 1975, the Dexter Bar was dismissed from each action after identical motions for summary judgment were granted. Smith and his passengers now appeal by right. We reverse.

Summary judgment was requested and granted pursuant to GCR 1963, 117.2(3). The Dexter Bar asserted that there was no genuine issue of fact as to whether the bar had served an intoxicating beverage to Love on the night of the accident. Such an unlawful sale is one element of a dramshop action which a party seeking recovery under that act must prove. *Rizzo v Kretschmer,* 389 Mich 363, 369–370; 207 NW2d 316 (1973).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Discovery having been completed, the trial judge examined affidavits filed by the parties, the pleadings, depositions, and other submitted evidence in ruling on the motion for summary judgment. See GCR 1963, 117.3. He concluded that if the case were to go to trial, the parties seeking recovery against the bar would be unable to present any substantive evidence that Love was served an intoxicating beverage at the Dexter Bar on the date of the accident. Summary judgment was accordingly granted. We think that the summary judgment was inappropriately granted and that the dismissal of the Dexter Bar from these actions was erroneous.

A motion for summary judgment grounded on no genuine issue as to a material fact is designed to test whether there is factual support for a claim. In *Rizzo, supra,* at 371, the Supreme Court quoted with approval the following Authors' Comments to the court rule:

" 'When summary judgment is claimed for lack of factual merit, the court must be careful not to substitute a summary hearing for a trial. The *trial may be avoided only if the record presented at the hearing shows that,* * * * ; or (2) *an essential element of proof of the claim or defense cannot be supplied.*

* * *

" 'If a motion asserts a hiatus in essential proof, *the court must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome.' "* (Emphasis in Supreme Court opinion.)

In this case the Dexter Bar, by its motion and affidavit, identified the illegal sale alleged in appellants' pleadings as the fact which, although appearing to be controverted in the pleadings, was in

reality undisputed. At that point, the burden was on the appellants to come forward with a showing that there was evidence making the fact of the sale a disputed issue. Summary judgment is properly granted unless the party opposing the motion shows the court some such evidence. *Rizzo, supra; Durant v Stahlin,* 375 Mich 628, 640, 658; 135 NW2d 392 (1965).

In the present case, among the data considered by the trial judge in ruling on defendant's summary judgment motion were depositions by Herbert Love, the allegedly intoxicated driver, and by Dexter May, the only bar employee working on the night of the accident. May testified that she did not serve any intoxicating beverage to Mr. Love on the night in question. Love's testimony on this issue was similarly unequivocal in denying that he had been served, furnished, or sold any intoxicating beverage while in the Dexter Bar on the night in question. The depositions of both Love and May indicate that Love entered the bar at about 1 a.m. on the night in question carrying some shrimp which he had obtained from a nearby take-out restaurant and ate them in the Dexter Bar without drinking any intoxicating beverage.

In addition to the depositions, the trial judge considered the effect of a transcript of a traffic court proceeding concerning this accident which had been held on December 18, 1970. Love was called as a witness at that proceeding and testified, under oath, that he had been at the Dexter Bar prior to the accident on the night in question and had drunk beer there.

The judge was also faced with other evidence tending to impeach Love's credibility, including evidence that Herbert Love was a former employee of the Dexter Bar.

Summary judgment was granted to the bar because the appellants were unable to show the existence of any evidence, admissible against the bar at trial, showing that there had been an illegal sale.

Appellants assert that summary judgment was improperly granted and present two theories in support of this position:

1. That Love's sworn testimony in traffic court that he had drunk beer at the Dexter Bar on the night in question should be admissible at trial against the Dexter Bar as substantive evidence of an illegal sale and that therefore there was a disputed factual question presented as to the alleged sale;

2. That even if the traffic court testimony was not admissible against the bar, that it would be admissible to impeach Love's trial testimony and, along with other factors affecting his credibility, would permit a jury to disbelieve testimonial denials of an illegal sale.

We must reject appellants' first claim.

If Love were to deny at trial that he had been served an intoxicating beverage, his traffic court testimony to the contrary undoubtedly would be admissible against *him* as substantive evidence that he had drunk beer at the Dexter Bar. As a prior inconsistent statement, it would also be admissible to impeach Love's trial testimony. It would not, however, be admissible against the appellee bar as substantive evidence of an illegal sale. A prior inconsistent statement of a witness is not admissible as substantive evidence of matters asserted therein, nor is an admission by one defendant admissible as substantive evidence against a codefendant. *Perry v F Byrd, Inc,* 280 Mich 580; 274 NW 335 (1937), *Gibbard v Cursan,* 225 Mich

311, 324; 196 NW 398 (1923), *Rosenberg v Mageda,* 251 Mich 696; 232 NW 397 (1930), *Ghezzi v Holly,* 22 Mich App 157; 177 NW2d 247 (1970).

Appellants ask that we discard this rule of evidence and adopt the "progressive rule" which would admit the prior inconsistent statements of a witness as substantive proof of matters asserted therein, as an exception to the hearsay rule.

We need not discuss the wisdom of appellants' position, nor the numerous authorities from other jurisdictions which appellants cite. We are bound by the Michigan Supreme Court cases which have followed the traditional rule. For a discussion of the merits of the traditional rule, see the plurality opinion in *Ruhala v Roby,* 379 Mich 102; 150 NW2d 146 (1967), albeit that the opinion is precedentially inconclusive because not signed by a majority of the justices hearing the case.

Despite our conclusion on this first issue, we need not reach appellants' second claim. We may assume for purposes of this opinion that appellants would not have a jury submissible case against the appellee bar if, upon going to trial, the only evidence they can present as to an illegal sale is the impeached denials by Love and May. Whether a directed verdict in favor of the appellee would then be appropriate is not the question before us. The issue presented upon determination of a motion for summary judgment based on no genuine issue of fact is not a determination of whether plaintiff has a jury submissible case. The distinction was made in *Rizzo, supra,* at 379:

"At this point the test is whether the data properly produced after the original pleadings is sufficient to permit the plaintiff to go to trial and proceed with his proofs. It is no more than that. It is not a judgment

that the plaintiff necessarily has a case sufficient to go to a jury."

The question presented is simply whether a genuine issue of fact has been raised.

Some guidance on this question is provided by language of the Supreme Court in *Brown v Pointer,* 390 Mich 346, 354; 212 NW2d 201 (1973), which, though not determinative of the instant case, is instructive:

"We add that we agree with the Court of Appeals that where the truth of a material factual assertion of a movant's affidavit depends on the affiant's credibility, there inheres a genuine issue to be decided at a trial by the trier of fact and a motion for summary judgment cannot be granted. *Arber v Stahlin,* 382 Mich 300, 309; 170 NW2d 45 (1969); *Durant v Stahlin,* 375 Mich 628, 647–648; 135 NW2d 392 (1965)."

There can be little doubt but that Love's credibility is at least somewhat suspect, where the trial judge passing on this motion for summary judgment was confronted with contradictory sworn statements by Love as to a material fact. Under these circumstances it is rather difficult to view that material fact as being undisputed or to conclude that it is impossible for plaintiff to prevail at trial "because of some deficiency which cannot be overcome". In this case, any conclusion that appellants' case suffers from such a deficiency must necessarily assume that Love, when called as a witness at trial, will unwaveringly continue to testify in accordance with his deposed testimony even if cross-examined, confronted with his inconsistent prior sworn statement, and informed of the penalties for perjury.

The value of cross-examination should not be so

lightly dismissed. In what has come to be regarded as a classic opinion on summary judgment, Justice SOURIS emphasized the importance of cross-examination as a fact-finding tool and voiced his concern that summary judgment procedures might tend to be used to erode the privilege of a plaintiff to cross-examine witnesses at trial. He concluded as follows:

"By insisting that summary judgment is not available whenever a presented issue of material fact turns upon the credibility of an affiant or witness whose deposition has been taken, we intend thereby to limit severely the circumstances in which summary judgments properly may be entered. The alternative would require our abandonment of what has been called the 'truth-testing process of cross-examination' and would encourage unwarranted invasion by judges of the jury's exclusive province." *Durant v Stahlin, supra,* at 650–651.

The value to appellants of an opportunity to cross-examine Love at a trial could be substantial, even decisive. The witness has, after all, made contradictory sworn statements as to this material fact. Upon being confronted with the inconsistent statements in the formal and solemn atmosphere of a trial, and reminded of the penalties of perjury, he may well adopt his traffic court testimony as true. If he does, that prior statement would then become admissible against the appellee bar as substantive evidence of a sale. *Schratt v Fila,* 371 Mich 238; 123 NW2d 780 (1963).

Nor is this eventuality wholly improbable. Love did state at his deposition that his traffic court testimony had been true, although he also stated that he had not read a transcript of that testimony.

The importance of the possibility of Love adopt-

ing his traffic court testimony at trial is dramatically illustrated by the circumstances under which the plaintiff in *Schratt v Fila, supra,* recovered a judgment against the defendant tavern owner. There the plaintiff sued for damages arising out of injuries incurred as the result of an assault upon him by three individuals.

The three individual defendants, undisputedly intoxicated at the time of the assault, had allegedly been illegally served intoxicating beverages prior to the assault at a tavern owned by defendant Ziegler, among other places. The plaintiff obtained a jury verdict against these four defendants, and the defendant tavern owner appealed, claiming, among other things, that no substantive evidence had been presented at trial that the assailants had been in his tavern prior to the assault.

The Supreme Court reviewed the evidence on this point, which consisted entirely of the testimony of the three assailants who had been called by the plaintiff for cross-examination under the statute. Two of the assailants were uncertain whether they had been in Ziegler's bar before or after the assault, although one testified that to the best of his knowledge it had been *after* the assault.

The third testified that they had been in Ziegler's bar after, not before, the assault. He was then confronted with a written statement which he had given to state police officers investigating the assault. In that statement, he had indicated that he and his accomplices had been in the appellant's bar prior to the assault. After extended cross-examination, plaintiff's attorney elicited an admission from the defendant that the prior written statement given to the state police was true. The Supreme Court concluded that the statement

was thus admissible against the appellant as substantive evidence and that a jury question had been presented on the time the assailants had been in appellant's tavern. *Schratt, supra,* at 244–246.

The circumstances of *Schratt* illustrate vividly the inappropriateness of summary judgment in the instant case. Love has made contradictory sworn statements on a material issue in this case and the result in this case may turn on which of the inconsistent statements he adopts at trial.

On this motion for summary judgment we cannot merely assume that he will adopt the statement damaging to appellants and reason that if he does so, appellants will not have presented a jury-submissible case. Neither the assumption, which requires a credibility assessment, nor the conclusion is appropriately decided on a summary judgment motion. Appellants' case does not suffer from a deficiency of proof impossible to overcome and they are entitled to go to trial.

Reversed. Costs to appellants.

BASHARA, J., concurred.

C. L. HORN, J. *(dissenting).* This writer concurs with Judge BRONSON's statement of facts and his disposition of the first issue discussed in his opinion. As to the second issue discussed, however, I must disagree with his conclusions. In my opinion the defendants have complied with the provisions of GCR 1963, 117, and the trial court correctly found that plaintiffs had failed to show the existence of any evidence available at the time of trial that defendant Love was served intoxicating beverages at the Dexter Bar on the date of the accident. Such evidence was a necessary element of plaintiffs' alleged cause of action. The language of

*Durant v Stahlin,* 375 Mich 628, 638; 135 NW2d
392 (1965), is instructive in determining the plain-
tiffs' burden in resisting defendant's motion for
summary judgment based on GCR 1963, 117.3:

"The court declined to grant the plaintiff a continu-
ance and granted the motions for summary judgment
on the basis that:

" 'There is no genuine issue as to any material fact.'

"We agree with the ruling of the trial judge and
further hold that there was no abuse of discretion in
refusing a continuance. The basic rule in summary
judgment matters is simple. Its application is often
difficult. When properly challenged, plaintiff must es-
tablish that he has a case on the law *and that there are
some evidentiary proofs to support his allegations* as to
any material fact.

"In a summary judgment proceeding, an affidavit is
employed as a voluntary statement made *ex parte.* The
function of affidavits by the defendant is to establish
affirmatively under oath that there is no basis in fact to
support plaintiff's claims. In the case of plaintiff's coun-
ter affidavits, they should establish that there is some
evidence as to material facts upon which to proceed to
trial. There is no question of the relative weight to be
given the evidence. The party opposing the motion is
given the benefit of all doubt. If he produces some
evidence, the motion is denied. In this case the affiants
were available for cross-examination by their own
choosing.

"Using the language of GCR 1963, 117.3, the question
is whether the affidavits 'together with the pleadings,
depositions, admissions, and documentary evidence then
filed in the action' present a genuine issue as to any
material fact.

*"There has been presented by plaintiff not one single
piece of admissible evidence* by deposition, affidavit, or
otherwise, of plaintiff or of anyone else from which it
could be found that the defendants participated in any
way in the preparation or publication of exhibit A or in
the purported conspiracy surrounding its preparation
and publication. The plaintiff was required to do this by

GCR 1963, 116.4 and GCR 1963, 117.3. The latter sub-rule provides:

" 'The affidavits submitted by either party shall be governed by the provisions of sub-rules 116.4'.

"GCR 1963, 116.4 requires that the affidavits 'shall be made on personal knowledge and shall set forth with particularity such facts *as would be admissible as evidence* to establish or deny the grounds stated in the pleading or motion.' " (Emphasis supplied.)

If, as proposed, we were to allow every case to go to trial where there is the faintest expectation of hope that a witness could change his testimony so as to supply a missing element of a cause of action or defense, the sub-rule of GCR 1963, 117.3 would be completely emasculated. Summary judgment under the rule could never be granted. I cannot believe that this was the result contemplated by the Supreme Court in formulating the rule.

I would affirm the judgment of the trial court.