## VERONICA SHERZAX v. FAYE S. GANEZER

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 73999

Memorandum filed December 29, 1949

*Cole & Cole,* of Hartford, for the Plaintiff.

*Day, Berry & Howard,* of Hartford, for the Defendant.

INGLIS, J.  This motion is based upon two claimed errors in rulings on evidence and claimed errors in the charge.

The first ruling on evidence which is brought into question is the admission, as defendant's exhibit 5, of the written statement of Walter J. Kondrosiewicz made on March 8, 1945. The action was brought to recover for personal injuries sustained in a fall, as it was claimed, upon an icy outside stairway on premises owned by the defendant, which fall occurred on January 31, 1945. The substantial question in the case was whether the fall had occurred upon the stairway, as claimed by the plaintiff, or upon the public sidewalk at a considerable distance from the stairway, as claimed by the defendant.  Mr. Kondrosiewicz was a witness called by the defendant. He testified that he had seen the plaintiff fall and that she had fallen as she stepped up over the curb. On cross-examination he stated that a few days before the trial, which was had about October 1, 1949, he had signed a written statement in the office of the plaintiff's attorney. That statement was thereupon admitted in evidence as plaintiff's exhibit H.  In it the witness said that he did not see the plaintiff before she fell and "so I don't know where she fell."  The remainder of the statement indicates that at the time it was made the witness had only a vague recollection of the whole occurrence.  Thereafter, on redirect examination, the statement made by him on March 8, 1945, about a month after the accident, was admitted over the plaintiff's objection.  This statement was in substantial accord with the testimony he had given on his direct examination.

The statement was admitted on the authority of *State* v. *Palm,* 123 Conn. 666, 677, where it is said: "There is eminent authority for the view that under some circumstances it may be within the discretion of the trial court to permit evidence of prior consistent statements to be given to rebut testimony tending to show an inconsistent statement."  The plaintiff's present contention is

that the rule applies only to situations in which there has been a denial by the witness that he has made the statement which is inconsistent with his testimony, and for that she gets support from a statement in *Stewart* v. *People*, 23 Mich. 63, the case cited in *State* v. *Palm*. In the *Stewart* case, however, the prior consistent statement was admitted, so the statement upon which the plaintiff relies is dictum.

Wigmore discusses the matter in his work, 4 Evidence (3d Ed.) § 1126 et seq., under the title "Testimonial Rehabilitation." In that discussion he says first that the reason commonly given for the admissibility of prior consistent statements after the introduction of an inconsistent statement, viz., that if a contradictory statement counts against a witness, a consistent one should count for him, is fallacious. He goes on, however, to approve the reasoning which led to the admission of the prior statement in *Stewart* v. *People,* supra, which was, in substance, that the prior consistent statement is relevant to controvert the making of the inconsistent one. He then goes one step further. At page 199 he says: "This argument [referring to that in the *Stewart* case] seems unanswerable. It does not deny the correctness of the preceding argument, which points out that a consistent statement does not explain away a self-contradiction; but it shows that argument to rest upon the assumption that there has been a self-contradiction, and it reminds us that *consistency of statement may serve to overthrow* that assumption.

The present case well illustrates the value, in accordance with Wigmore's reasoning, of a prior consistent statement to overthrow the assumption of inconsistency that might arise from the bare introduction of the statement which was made a few days before trial. More than four years and a half had elapsed between the giving of the two statements. The defendant might well claim that the apparent inconsistency between the recent statement and the witness's testimony could be accounted for by lapse of memory and that his memory had been refreshed before he testified. That he had made a statement shortly after the event, when his memory was fresh, which was in accord with his testimony clearly was evidence which would tend to prove that the apparent inconsistency of his later statement was due to the fact that at the time he made it his memory had failed and had not been refreshed. With that explanation his testimony and his later statement could be reconciled and the apparent inconsistency be explained away. For that reason, upon the reasoning of Wigmore, the prior consistent statement was admissible.

The second ruling upon evidence complained of by the plaintiff was that the court took judicial notice of the complaint in a civil action instituted by this same plaintiff several years before the accident here in suit. In that complaint she had alleged permanent personal injuries of the same nature and to the same parts of her body as she was claiming to have sustained in the fall upon which this suit was predicated. The real objection of the plaintiff was that the entire complaint in the former action was read to the jury rather than the single paragraph thereof which described her injuries. The ruling which permitted the reading of the whole complaint was based upon the conclusion that it was all one single document and could not be split into parts and still give the jury an adequate understanding of the significance of the plaintiff's statement of her injuries. This ruling still seems to be correct.

The first claimed error in the charge is that the requests of the plaintiff to charge to the effect that the jury might draw an adverse inference from the failure of the defendant herself to testify and also from her failure to produce as a witness the janitor of her building were not complied with. The answer to that is first that it was clear from all of the evidence that the defendant herself had no personal knowledge of the facts involved in the case; and, second, that there was no evidence to the effect that the janitor was still in the control of the defendant.

The last reason assigned for the setting aside of the verdict is that the court failed to charge that it was essential for the plaintiff to prove only one of her specifications of negligence. A reference to the complaint reveals that, in essence, only one particular of negligence is charged although that is charged in various ways. The charge seems to cover the situation adequately.

The motion to set aside the verdict is denied.