# HENRY STEWART vs. THE PEOPLE.

The mere fact that a juror entertains the belief that the crime with which the respondent is accused has been committed by some one, without any belief as to the guilt of the accused is not a good ground for challenge.

Though, as a general rule, after an attempt to impeach a witness by showing that he has made statements out of Court inconsistent with those sworn to, his testimony cannot be supported by the testimony of witnesses who show that on other occasions his account of the transaction corresponded with that given in Court, yet a Circuit Judge is allowed a reasonable discretion in such cases, and the exercise of that discretion will not be set aside or interfered with except in a clear case of abuse.

The fact that a respondent consents to a sealed verdict does not preclude him from the inquiries that would otherwise be admissible in polling the jury.

A juror was summoned as a talesman. After verdict, on a motion for a new trial, the question as to this juror's competency was raised, on the ground that his name did not appear on the assessment roll. *Held*, That the statute does not render one incompetent to act as a juror because he is not assessed for taxation.

Error to Bay Circuit.

*Opinion by* COOLEY, J.—A juror named Parmely was challenged and the challenge overruled. The challenge was not based upon the ground that he had any bias or prejudice against the prisoner, or that he had formed any opinion, or received any impression of the prisoner's guilt; but it had for its sole foundation the juror's belief that the crime charged had been committed by some one else.

*Held*, That there was no error in this ruling. The rules on this subject must be reasonable. An intelligent jury is as important to a correct conclusion as one free from preconceived impressions; but it would be impossible in a great many cases to summon twelve men of intelligence who were in the habit of availing themselves of the information on public affairs to be obtained from the usual channels who would at the same time be free from any opinion regarding the commission of the offense.

*Held, further*, That the objection, that 'the loss of the Chicago letter, mentioned in the record was not sufficiently established to admit of the introduction of parol evidence of its contents was not well taken.

The most important question is whether the letter itself, if produced would have been competent evidence. The writer of it was

the principal witness against the prisoner, and had testified to a conversation had with him in Chicago, in which the prisoner made statements in regard to his participation in this offence. On cross-examination he was asked whether he did not have a conversation with Edward O'Connor, Robert McKinney and Michael Kilduff, on the morning during the examination of the prisoner before the Justice, in which he told them that the prisoner was not the man with whom he had the conversation at Chicago, and he replied in the negative. He stated, however, that McKinney, Kilduff, and one Hamilton, were his bail on a criminal charge pending against him when Stewart was arrested, and that O'Connor, Kilduff and McKinney came to his house and told him if he gave evidence against Stewart they would throw up his bail. He did give such evidence and was surrendered by his bail as they had threatened. These three persons were then called by the defense, and testified that the witness did say to them at the time inquired about, that the prisoner was not the man with whom he had the conversation in Chicago. In reply to this the prosecution claimed the right to put in evidence the letter in question, which was written by the witness in Chicago to his brother in Bay City, after the time of the alleged conversation with the prisoner in Chicago, and which spoke of the prisoner being there and said, "if you want him, send word." The prosecution also offered to show by the jailer that before the prisoner was arrested, and before there was any talk of arresting him, the witness had made to him the same statement in regard to the conversation at Chicago which he had sworn to in Court. The Circuit Judge admitted this evidence and the defense excepted. The question appears to be whether, after an an attempt to impeach a witness by showing that he had made out of Court statements inconsistent with those sworn to, his evidence can be supported by the testimony of witnesses, who show that on other occasions his account of the transaction corresponded with that given in Court.

*Held*, That if it were an established fact that the witness had made the contradictory statement, the supporting evidence here offered was not admissible. But in these cases the evidence of contradictory statements is not received until the witness has denied making them, so that an issue is always made between the witness sought to be impeached and the witnesses impeaching him. The

jury, therefore, before they can determine how much the contradictory statements ought to shape the credit of the witnesses are required first to find from conflicting evidence whether he made them or not, and the question is whether upon an issue like this the evidence like that received by the Court below was admissible. It is impossible to lay down any arbitrary rule applicable to every case, but there are some cases in which the peculiar circumstances would render this piece of evidence important and forcible. The Circuit Judge ought to be allowed a reasonable discretion in such cases; and though such evidence should not generally be received, yet his discretion ought not to be set aside except in a clear case, such as did not exist here.

The prisoner had consented to a sealed verdict, and one having been returned accordingly, he was precluded from the inquiries that would otherwise have been admissible in polling the jury, because of this consent.

*Held,* That this ruling was erroneous. There is no safe ground for denying to the prisoner the same right to have the jury polled in cases where he consents to have a sealed verdict which is conceded to exist in all other cases. The juror is not estopped by his signature to the sealed verdict from refusing his assent to the verdict when returned in open court. The sealed verdict is assented to only as a matter of convenience, and the prisoner has no reason to understand that he thereby waives any substantial right or deprives himself of the privilege of determining, on the most conclusive evidence, that the verdict the jurors return is one which has the solemn and deliberate assent of all.

Another question raised was whether the Circuit Court erred in refusing to grant a new trial on the ground that after the verdict it was discovered that one of the jurors who was summoned as a talesman, was not named on any of the assessment rolls for the county either for the year in which the trial took place or for any preceding year.

*Held,* That there was no error in such refusal. The statute does not render one incompetent to act as a juror because he is not assessed for taxation. The selection of persons to be returned as jurors is to be made from the assessment rolls; but the qualifications required are only those of electors, and when once returned

WARNER *et. al.* *vs.* SLADE.

the names remain in the box until others are required in their places, whether they appear upon the successive assessment rolls or not. Talesmen are to be summoned from the bystanders in court or from the neighboring citizens, and there is no occasion for inquiring whether their names appear upon the assessment rolls or not.

Judgment below reversed and a new trial ordered.

————————

WARNER *et. al. vs.* SLADE.

In computing time with reference to the statute of limitations as applied to actions upon judgments, *held*, that the day of entering the judgment should be excluded.

Case made.

*Opinion by* COOLEY, J.—This action was brought on a judgment rendered in a court of record, March 15, 1859. It was commenced by summons March 15, 1869, and the question is, whether the action is not barred by the statute of limitations. This statute provides that every action upon such judgment shall be brought within ten years next after judgment was entered and not afterwards. If in computing the time, the day on which the judgment was entered, is to be included, then the action is brought too late, but, if that day is excluded, it is conceded that the summons was taken out in due season.

This question has been very fully examined in the reported cases, and the courts have come to widely different conclusions.—The Court concur in the rule of Sir William Grant, in treating the day of the action or event as a point of time only, and excluding it altogether from the computation. This rule coincides with that adopted under rules of practice, which is always exclusive of the first day, unless the peculiar wording of the rule would in clude it.

The decision of the Circuit Court is deemed correct, and its judgment is affirmed with costs.