## LEACH *v.* DETROIT ELECTRIC RAILWAY.

1. TRIAL—EVIDENCE—FAILURE TO EXCEPT.

   Where plaintiff's counsel, on an objection to a question asked by him and answered by a witness, stated that he would not insist on the question, and the defendant failed to except, an assignment of error based on the admission of such evidence will not be sustained.

2. SAME—HARMLESS ERROR.

   Where it was not disputed that a witness for plaintiff was the conductor of the car in which plaintiff was a passenger, it was harmless error to allow him to testify that he said to a third person that he could tell him who was the conductor of the car.

3. SAME—VERDICT ON FORMER TRIAL.

   Where plaintiff's counsel asked a witness if he had not stated that he had heard that plaintiff had recovered a verdict of $2,500 on a former trial, and the associate counsel, on objection made, stated that such was not the verdict, and the court directed the jury that the result of the former trial could have nothing to do with the case then being tried, the question was not prejudicial error.

4. SAME — STREET RAILWAYS— NEGLIGENCE—ARGUMENT OF COUNSEL.

   A street-car conductor, called as a witness for plaintiff in an action against the company for personal injuries, testified, on cross-examination, that he was discharged for incompetency, and defendant introduced evidence that he was discharged for not ringing up fares. Plaintiff's counsel argued that the company was remiss in leaving an incompetent man on the car. *Held*, that such statement was not prejudicial error as an argument that plaintiff's injury resulted from the general incompetency of the conductor, but was a comment on the testimony affecting his credibility.

5. SAME—INSTRUCTIONS.

   An instruction that there was no evidence that the conductor was incompetent, and that defendant could not be held liable for employing him, was properly refused, so long as there was evidence of such incompetency, though the declaration did not rely upon the fact.

Error to Wayne; Brooke, J.   Submitted December 11, 1901.   Decided January 7, 1902.

Case by Angeline Leach against the Detroit Electric Railway for personal injuries.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*Thomas T. Leete, Jr.,* for appellant.

*Navin & Sheehan (M. J. Lehmann,* of counsel), for appellee.

MONTGOMERY, J.   This case was before this court at the October term of 1900.   A judgment for plaintiff was reversed, and a new trial directed.   125 Mich. 373 (84 N. W. 316).   The case has again been tried, and plaintiff has again recovered, and the proceedings are before us for review.

Error is alleged upon the propounding of a question to plaintiff as to whether she had been able to pay her physician, and it is said that this was an effort to get before the jury the poverty of the plaintiff for the purpose of enhancing the damages.   It appears that the question was asked and answered, and an objection noted, when plaintiff's counsel stated that he would not insist upon the question, and no exception was taken.   This is a sufficient answer to the assignment of error.

The plaintiff produced as a witness one Babcock, the conductor who had charge of the car from which plaintiff fell, who gave testimony tending to support the plaintiff's claim.   Upon cross-examination the defendant sought to show, and did show, that the report given in by the conductor to the company stated the facts differently than the witness gave them on the stand, and the defense also showed on cross-examination that the witness had been discharged by the company.   On redirect examination the witness was asked whether he had seen Dr. Hawkins about the case before he was discharged, and asked to state what he told him.   The answer was: "Mr. Hawkins was tell-

ing me about the accident,—that he would like to find out who the conductor was,—and I informed him that I could tell him who the conductor was." A motion was made to strike out this answer, and the court said, "I will let it stand, in view of your cross-examination." Error is assigned upon this ruling. It is unnecessary to decide whether the case would come within the rule that a witness' testimony may be supported by showing that he had made statements in line with his testimony prior to an alleged contradictory statement, within the rule in *Stewart* v. *People*, 23 Mich. 63 (9 Am. Rep. 78), as we think it apparent at a glance that all the witness stated could not, by any stretch of imagination, be deemed to have damaged the defendant. It was not a matter in dispute as to who the conductor was on this car, and the fact that the witness manifested a willingness to tell Dr. Hawkins who the conductor was in no way bore upon the question of how the accident occurred, or whether there was any responsibility for plaintiff's injuries on the part of the company.

On the cross-examination of the witness Thomas the following occurred:

" *Q.* Did you tell Mr. Mainville, after your testimony on the last trial, in the city of Detroit, words of this import: You heard the old lady got a verdict for $2,500; you did all you could to prevent it; that you did pretty well yourself; you got $10 for coming here and swearing, and your expenses?

"*A.* Not that way; no, sir.

" *Q.* Did you make that statement, or words of that import?

" *Mr. Leete:* I object to that as incompetent and immaterial.

" *The Court:* Take the answer.

" *Mr. Leete:* For the further reason that it has the effect simply of bringing before this jury the result of the former trial.

" *The Court:* The jury will pay no attention to that fact.

" *Mr. Lehmann:* That was not the verdict in the other case. That is simply what he said about it. It wasn't the verdict.

"*Mr. Navin:* I have fixed the time and place for laying the foundation for the impeaching question.

"*Mr. Leete:* I desire to object, and I take an exception to Mr. Lehmann's statement to your honor just now, upon the record.

"*The Court:* This jury will pay no attention whatever to what the result was on any former trial of this case. Simply try this case upon the testimony offered here, and upon nothing which occurred at any former trial. You may answer the question, witness. Mr. Leete, you may have an exception."

It is urged by counsel that this is prejudicial, as it tended to get before the jury the result of the former trial. It will be noticed that the circuit judge very promptly informed the jury that the result of the former trial had nothing whatever to do with this trial; and, more than that, counsel for plaintiff stated at once, when the suggestion that that was the purpose was made, that the verdict on the former trial was not that stated in the question. It is very plain, therefore, that neither the purpose nor the effect was to give the jury to understand that the verdict was that stated in the question.

But it is said the most damaging error is shown in connection with a statement of plaintiff's counsel. As before stated, when the witness Babcock was on the stand, he was cross-examined as to having been discharged by the company. He testified that he was discharged for incompetency. Defendant's counsel sought to show by the witness that his discharge was for not ringing up fares, but the witness insisted that the charge against him was being incompetent. On the argument to the jury, plaintiff's counsel, in the course of the argument, made the following statement:

"Now, let us see what other testimony they have got here. Why, they have got Mr. Stanley on here. What for? Babcock told you, gentlemen, that he was tried for being incompetent. Mr. Stanley goes upon the stand to say that that was the charge against Babcock, just as Babcock said; but that he was incompetent in the matter of not ringing up as many fares as there were passengers in

129 MICH.—19.

the car. Well, if he was incompetent, this railroad company has been very remiss in its duty to the thousands of citizens that it carries upon its cars, in leaving an incompetent man upon a street car one minute."

It is claimed that this injected into the case a new issue, as there was no claim in the declaration that the conductor was incompetent. We do not think this language should be construed as an argument to the jury that the plaintiff's injuries resulted from the general incompetency of the conductor, but we think it was rather in the nature of comment upon the force of the testimony as affecting the credibility of the witness produced by the plaintiff.

Complaint is also made of the refusal of the court to give the following request:

"There is no evidence in this case that the conductor in charge of the car was incompetent, and the defendant cannot be held liable in this action for continuing him in its employment."

The refusal to give this request was not error. It is now urged that the fault of the conductor was not the basis of the plaintiff's action, as shown by the declaration. But the request was not put upon that ground, but asks an instruction that there was no evidence showing incompetency of the conductor. There was evidence tending to show that the conductor was incompetent, and for this reason the trial judge properly refused the request.

We discover no error in the record, and the judgment will be affirmed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.