SCHOMBERG *v.* BAYLY.

1. MOTOR VEHICLES—DELIVERY OF ASSIGNED CERTIFICATE OF TITLE—STATUTES.

Delivery by seller of automobile of assigned certificate of title direct to branch office of secretary of State, accompanied by buyer's application for certificate of title, with payment of statutory fee, was substantial compliance with statute requiring transferee to present such certificate, assigned, to secretary of State (1 Comp. Laws 1929, § 4660).

2. SAME—BELATED DELIVERY—LIABILITY FOR ACCIDENT.

Where certificate of title was delivered to automobile buyer before accident in which he was involved occurred, buyer's title was perfected, as regards liability for said accident, although delivery thereof was not within 10 days after delivery of automobile, as required by statute (1 Comp. Laws 1929, §§ 4660–4665).

3. SAME—DELIVERY OF TITLE—BELATED DELIVERY—CONSUMMATION OF SALE.

If sale of motor vehicle is otherwise effected, title thereto passes, and sale becomes fully consummated, upon delivery of certificate of title properly executed, notwithstanding such delivery is belated (1 Comp. Laws 1929, §§ 4660–4665).

Appeal from Wayne; Hunt (Ormond F.), J. Submitted April 6, 1932. (Docket No. 23, Calendar No. 36,063.) Decided June 6, 1932.

Separate actions of case by Joseph Schomberg, individually and as administrator of the estate of Arthur Schomberg, deceased, against Thomas A. Bayly, Hall-Dodds Company, a Michigan corporation, G. R. F. Company, a Michigan corporation, Albert Bonstell, and Harold Bonstell. Cases consolidated for trial. Verdicts and judgments for plaintiff against defendants Bonstell. Directed verdicts and judgments for other defendants. Plaintiff appeals. Affirmed.

*Harry J. Lippman* (*J. Leon Katz,* of counsel), for plaintiff.

*Beaumont, Smith & Harris* (*Charles H. McIntyre,* of counsel), for defendant Bayly.

*E. Dean Alexander,* for defendant Hall-Dodds Company.

NORTH, J. These two suits arising out of the same automobile accident were tried together in the

circuit court. There were five parties defendant: Thomas Bayly; Hall-Dodds Company, a Michigan corporation; G. R. F. Company, a Michigan corporation; Albert Bonstell and Harold Bonstell. Plaintiff in each case had verdict and judgment against the two last-named defendants; but early in the trial the circuit judge on motion of the other three defendants decided to direct a verdict in their favor, and later did so. From the directed verdict in each case plaintiff has appealed.

The directed verdicts were based upon the following facts: Hall-Dodds Company, a licensed automobile dealer, on May 23, 1927, received from Thomas A. Bayly a used motor vehicle. Four days later (May 27th) the dealer entered into a conditional sales contract and delivered this motor vehicle to the defendant Harold R. Bonstell, who thereafter had continuous possession of the vehicle. The conditional sales contract was shortly assigned by the dealer to the G. R. F. Company, a finance corporation. The accident out of which the suits arose occurred June 24, 1927. The certificate of title to the used automobile was not delivered to the Hall-Dodds Company until June 18, 1927. When delivered it was properly signed and sworn to. On the date of its receipt Hall-Dodds Company reassigned the certificate of title to Harold R. Bonstell; and on June 20, 1927, this assigned certificate was delivered by Hall-Dodds Company to the branch office of the secretary of State in Detroit. Harold R. Bonstell had previously executed the application for a new certificate of title by filling out the blank provided for this purpose on the back of the assigned certificate.

Plaintiff contends that since the transfer of the certificate of title was not in exact accordance with

the statutory provisions (1 Comp. Laws 1929, §§ 4660–4665 inclusive) title did not pass from the former owners to Bonstell, that the attempted sale to Bonstell was void, and hence it was error to direct a verdict as to the three defendants, who as owners or custodians of the automobile permitted its use by Bonstell. Appellant asserts that: (1) The statute (section 4660) requires delivery of the assigned certificate of title to the purchaser *at the time of the delivery to him of the motor vehicle,* and that subsequent delivery of the assigned certificate of title does not comply with the statute; and (2) since the statute (section 4660) provides that the assigned certificate of title shall be *delivered to the purchaser,* delivery in this case of such certificate by Hall-Dodds Company to the branch office of the secretary of State instead of the purchaser failed to comply with the statute, and rendered the attempted sale to Bonstell void.

As applied to the facts in this case, these contentions are without merit. As noted above, the accident happened June 24th, and prior thereto, on June 20th, there had been full compliance with the statutory requirements by delivering to the secretary of State at his branch office in Detroit the certificate of title assigned by Hall-Dodds Company to Bonstell, which indorsed certificate bore Bonstell's application for a certificate of title to him as purchaser. Delivery of the assigned certificate of title to the branch office of the secretary of State, together with the payment of the statutory fee, complied with the statute requiring the transferee to "present such certificate, assigned as aforesaid, to the secretary of State" (section 4660). Such delivery direct to the secretary of State, instead of to the purchaser, accomplished the statutory pur-

pose, and was substantial, if not literal, compliance with the law.   Obviously Hall-Dodds Company in so doing acted as Bonstell's agent.   It is true this delivery of the assigned certificate was not "within 10 days" after the attempted sale and delivery of the automobile to Bonstell.   But the mere fact that compliance with the statute was somewhat delayed is not a matter of which plaintiff can now take advantage, since there was sufficient compliance with the statute to perfect Bonstell's title prior to the date of the accident.

If the sale of a motor vehicle is otherwise effected, title thereto passes, and the sale becomes fully consummated, upon delivery of the certificate of title properly executed.   Until delivery of the assigned certificate, title does not pass, and no sale results; but delivery of the certificate of title properly assigned, notwithstanding such delivery is belated, passes title and consummates the sale.

Judgment is affirmed, with costs to appellees.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.