## BROWN v POINTER

1. AUTOMOBILES—TRANSFER OF TITLE—STATUTES.

    A statute provides that the owner of an automobile may transfer title by endorsing before a notary an assignment on the back of the certificate of title and delivering the certificate to the purchaser or transferee "at the time of the delivery to him of such vehicle" (MCLA 257.233[d]).

2. TRIAL—INSTRUCTIONS—HARMLESS ERROR—AUTOMOBILES—CERTIFICATE OF TITLE—DELIVERY—STATUTES—ISSUES.

    Any instructional error that the certificate of title of an automobile be delivered at the time of the delivery of the vehicle was harmless beyond any reasonable doubt although defendant-owner objected to the words "at the time of", where the time of delivery was not an issue at the trial, it is highly improbable that the jury could have found that the defendant-owner had complied with the other provisions of the statute providing for the transfer of title of an automobile and still held against it because the judge's reference to time of delivery, and the repetition during the charge of the statutory language requiring delivery of the certificate at the time of delivery of the vehicle was not material to the issues tried and argued to the jury and upon which its attention was focused (MCLA 257.233[d]).

3. EVIDENCE—WITNESSES—CREDIBILITY—INCONSISTENT STATEMENT—CONSISTENT STATEMENT—SUPREME COURT.

    The conclusion that a witness' credibility and testimony had been challenged by a prior inconsistent statement and that the consistent statement was admissible as tending to rehabilitate his credibility is supported by the record, reason and authority; the Michigan Supreme Court is not inclined to reverse a ruling admitting a consistent statement.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic § 29 *et seq.*
[3] 58 Am Jur, Witnesses § 767 *et seq.*
[4–6] No references.

4. JUDGMENT—SUMMARY JUDGMENT—PLEADING—AFFIDAVITS—COURT
   RULES.
   A court rule requires that a party seeking a summary judgment
   on the ground that there is no genuine issue as to any material
   fact except the amount of damages support his motion by
   affidavit, the opposing party is not obliged to respond by affida-
   vit (GCR 1963, 117.3).

5. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVITS—PLEADING—DEPO-
   SITIONS—ADMISSIONS—EVIDENCE—CERTIFICATE OF TITLE—AUTO-
   MOBILES—COURT RULES.
   A judge, in passing on a motion for summary judgment, is obliged
   to consider the affidavits, pleadings, depositions, admissions
   "and documentary evidence then filed in the action or submit-
   ted by the parties" under the provisions of a court rule;
   therefore, a judge could properly consider the certificate of title
   of an automobile attached to plaintiff's earlier motion for
   summary judgment in deciding defendant's motion for sum-
   mary judgment; that certificate evidencing defendant's record
   ownership of an automobile at the time of an accident was at
   least some evidence that it was in fact the owner at the time
   (GCR 1963, 117.3).

6. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVITS—CREDIBILITY—ISSUE
   OF FACT.
   There inheres a genuine issue to be decided at a trial by the trier
   of fact and motion for summary judgment cannot be granted
   where the truth of a material factual assertion of a movant's
   affidavit depends on the affiant's credibility.

Appeal from Court of Appeals, Division 2, Mc-
Gregor, P. J., and J. H. Gillis and O'Hara, JJ.,
reversing Ingham, Jack W. Warren, J. Submitted
May 10, 1973. (No. 11 May Term 1973, Docket No.
54,244.) Decided November 20, 1973.

41 Mich App 539 reversed.

Complaint by Cleo Brown, administrator of the
estate of Susan E. Brown, against Charles W.
Pointer, James Gallagher, Ramona F. Gallagher,
Michigan Motor Vehicle Accident Claims Fund,
Ramon Hernandez, Farm Bureau Mutual Insur-
ance Company, and Associates Discount Corpora-

tion for a declaratory judgment determining ownership of an automobile involved in a collision in which plaintiff's decedent was killed. Verdict and judgment that Associates Discount Corporation was owner of the automobile. Associates appealed to the Court of Appeals. Reversed. Plaintiff and Farm Bureau Mutual Insurance Company appeal. Associates cross-appeals. Reversed and remanded to reinstate the verdict.

*Abood, Abood & Abood, P. C.,* for plaintiff.

*Foster, Lindemer, Swift & Collins, P. C.* (by *David C. Coey* and *Philip T. Carter),* for defendant Associates Discount Corporation.

*Willingham, Cote, Hanslovsky, Griffith & Foresman, P. C.,* for defendant Farm Bureau Mutual Insurance Company.

LEVIN, J. Susan Brown was fatally injured when an automobile in which she was a passenger collided with another automobile, a 1962 Oldsmobile. Title to the Oldsmobile was registered in the name of defendant Associates Discount Corporation. Associates claimed that it had transferred ownership to a Ramon Hernandez who in turn had transferred ownership to Charles W. Pointer, the driver of the Oldsmobile.

As a prelude to an action against the owner under the civil liability act, the plaintiff Cleo Brown, as administrator of his daughter's estate, commenced this action seeking a judgment declaring the ownership of the Oldsmobile at the time of the collision. The jury found that Associates was the owner. The Court of Appeals reversed because of instructional error. We reinstate the jury's verdict.

## I

A statute provides that the owner of an automobile may transfer title by endorsing before a notary an assignment on the back of the certificate of title and delivering the certificate to the purchaser or transferee "at the time of the delivery to him of such vehicle."[1]

The certificate, allegedly assigned to Hernandez and then to Pointer, was lost and title was not reregistered in the records of the Secretary of State.

Associates' witnesses testified that the certificate was completed and delivered to Hernandez in conformity with the statute. Hernandez and Pointer testified that it was in blank and, thus, not in conformity with the statute.

In charging the jury the judge read directly from the statute (see fn 1). He reduced the question of statutory compliance to three sub-issues. The instruction on the sub-issues was immediately repeated. On each rendition of the statute and the sub-issues the judge included the statutory phrase requiring that the certificate be delivered *at the time of* the delivery of the vehicle.

After the instructions were completed and the judge asked for objections, Associates objected to

---

[1] "The owner shall indorse on the back of the certificate of title an assignment thereof with warranty of title in the form printed thereon with a statement of all security interests in said vehicle or in any accessory thereon, sworn to before a notary public or some other person authorized by law to take acknowledgments, and deliver or cause the same to be mailed or delivered to the department or to the purchaser or transferee at the time of the delivery to him of such vehicle, which shall show the payment or satisfaction of any security interest as shown on the original title." MCLA 257.233(d); MSA 9.1933(d).

*See, also,* MCLA 257.240; MSA 9.1940, relieving an owner of a vehicle of liability for negligent operation by another upon a bona fide sale by transfer of his title or interest and delivery of possession of the vehicle and the properly endorsed certificate of title.

the words "at the time of" arguing that the statute does not require simultaneous delivery. The judge did not rule on this objection.

The Court of Appeals, on the authority of *Schomberg v Bayly,* 259 Mich 135, 138; 242 NW 866 (1932), held that the inclusion of the objected-to phrase was reversible error.

In *Schomberg* the assigned certificate of title was delivered to the purchaser a number of days after the vehicle itself was delivered; the automobile accident occurred six days after delivery of the certificate. This Court said: "As applied to the facts of this case" the contention that delivery of the certificate subsequent to the time of delivery of the vehicle does not validly transfer title is without merit.

In *Schomberg* the consequence of late delivery of the certificate was the question in issue. Here there was a factual dispute, not concerning the delivery of the certificate, but, as Judge O'HARA stated in his dissent in the Court of Appeals, concerning "whether the assignment was even properly executed in the first place."

Associates, which claimed that the certificate was delivered when the vehicle was delivered, did not inject a question of late delivery. The other litigants and witnesses made no issue regarding time of delivery of the certificate. Time of delivery was not adverted to during the lawyers' arguments to the jury.[2]

As time of delivery was not an issue at the trial, it is highly improbable that the jury could have found that Associates had complied with the other provisions of the statute and still held against it

---

[2] Associates' cross-examination of Hernandez did, as the Court of Appeals pointed out, introduce some ambiguity regarding the time when the certificate was delivered but this did not become an issue in dispute or one upon which the jury's attention was focused.

because of the judge's references to time of delivery. The repetition during the charge of the statutory language requiring delivery of the certificate at the time of delivery of the vehicle was not material to the issues tried and argued to the jury and upon which its attention was focused. We conclude that any instructional error was harmless beyond any reasonable doubt.

## II

We are of the opinion that the Court of Appeals correctly decided the other assignments of error.

Hernandez's trial testimony that the reverse side of the certificate he received from Associates was blank and he did not write his name on it, was impeached by an affidavit he gave Associates shortly after the accident. The affidavit stated that the reverse side of the certificate was endorsed by Associates and notarized and that he signed his name as purchaser and listed his address. On further examination, Hernandez testified that the statements in the affidavit were untrue. An employee of the Motor Vehicle Accident Claims Fund —it appears that Pointer was uninsured—testified over Associates' objection that Hernandez had stated, at a time five months after the accident and two months before the commencement of this action, that his name definitely was not on the certificate when he received it from Associates.

Generally, consistent statements of a witness are not admissible as substantive evidence. *People v Hallaway,* 389 Mich 265, 276; 205 NW2d 451 (1973); *Dundas v Lansing,* 75 Mich 499, 502; 42 NW 1011; 13 Am St Rep 457; 5 LRA 143 (1889); *Brown v People,* 17 Mich 429, 435; 97 Am Dec 195 (1868). It has been said, however, that they are often "allowed a limited admissibility for the pur-

pose of supporting the credibility of a witness, particularly to show that a witness whose testimony has allegedly been influenced told the same story before the influence was brought to bear." McCormick, Evidence (2d ed), § 251, p 604. The authors of this recent revision of McCormick assert that the trend of decision supports the admission of consistent statements; they reason that "[t]he witness can be cross-examined fully. No abuse of prepared statements is evident. The attack upon the witness has opened the door." McCormick, Evidence, *op cit.*

In *People v Hallaway, supra,* p 277 it was recently noted: "Justice Cooley, in *Stewart v People,* 23 Mich 63 (1871), held that a prior consistent statement of a witness may be admitted where a prior inconsistent statement has been put in evidence, and the prior consistent statement is of such character as to be probative upon the issue of whether or not the prior inconsistent statement was in fact made."

The conclusion that Hernandez's credibility and testimony had been challenged by a prior inconsistent statement and that the consistent statement was admissible as tending to rehabilitate his credibility is supported by the record, reason and authority.[3] We are not inclined to reverse a ruling admitting a consistent statement. *Stewart v People, supra,* p 76.

## III

Associates also asserts that the judge erred in denying its motion for summary judgment. Accompanying the motion were three affidavits which it

[3] *See, generally,* 4 Wigmore on Evidence (Chadbourn ed), §§ 1122–1133; pp 254–297; 58 Am Jur, Witnesses, §§ 817, 821, 823, 825–826; pp 457, 459–463.

contends conclusively establish a valid transfer of title from Associates to Hernandez, thereby resolving any possible genuine issue of fact concerning the ownership of the Oldsmobile.

None of the other parties filed opposing affidavits. Associates contends that the judge, therefore, was obliged to grant its motion.

While the court rule requires that a party seeking a summary judgment on the ground that there is no genuine issue as to any material fact except the amount of damages support his motion by affidavit *("shall* be supported by affidavits"), the opposing party is not obliged to respond by affidavit ("the opposing party prior to the day of hearing *may* serve opposing affidavits"). GCR 1963, 117.3. (Emphasis supplied.)[4]

Before Associates' motion was filed, plaintiff Cleo Brown had moved for summary judgment on the ground that there was no genuine issue concerning the ownership of the Oldsmobile. Attached to Brown's motion was a certified copy of a certificate of title which named Associates as the owner of the vehicle.

At the hearing on Associates' motion, Brown's counsel submitted that he expected this filed copy of the certificate to be taken into consideration in ruling on Associates' motion.

In passing on a motion for summary judgment, a judge is obliged to consider the affidavits, pleadings, depositions, admissions "and documentary evidence then filed in the action or submitted by the parties". GCR 1963, 117.3. It has been said, in a similar factual context, that the corresponding provision of the Federal Rules of Civil Procedure

---

[4] "Opposing affidavits may be filed and usually will be, though they are not mandatory." 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Authors' Comments, p 363.

(Rule 56[e]) "is an enlarging provision as to what may be considered, not a restriction." *Yong Hong Keung v Dulles,* 127 F Supp 252 (D Mass, 1954).

We conclude that the judge could properly consider the certificate of title attached to Brown's earlier motion in deciding Associates' motion.[5] That certificate evidencing Associates' record ownership of the Oldsmobile at the time of the accident was at least some evidence that it was in fact the owner at the time.

We add that we agree with the Court of Appeals that where the truth of a material factual assertion of a movant's affidavit depends on the affiant's credibility, there inheres a genuine issue to be decided at a trial by the trier of fact and a motion for summary judgment cannot be granted. *Arber v Stahlin,* 382 Mich 300, 309; 170 NW2d 45 (1969); *Durant v Stahlin,* 375 Mich 628, 647–648; 135 NW2d 392 (1965).

Reversed and remanded with instructions to reinstate the jury's verdict. Costs to appellant.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, WILLIAMS, and M. S. COLEMAN, JJ., concurred with LEVIN, J.

---

[5] *See, generally,* 10 Wright & Miller, Federal Practice & Procedure, § 2721, pp 472–477.