PEOPLE v HARRIS

Docket No. 77-1232. Submitted June 6, 1978, at Grand Rapids.—
Decided October 3, 1978.

John L. Harris was convicted of carrying a dangerous weapon in
a motor vehicle, Recorder's Court of Detroit, Michael J. Connor,
J. The defendant appeals, alleging, among other things, that
the trial court erred in allowing one of the defendant's wit-
nesses to be impeached by the prosecution's introduction of
evidence of prior misdemeanor convictions and in permitting a
prosecution witness to be rehabilitated by evidence of prior
consistent statements. *Held:*

1. It was error for the trial court to allow a defense witness
to be impeached by the use of evidence of prior misdemeanor
convictions.

2. It was improper for the trial court to allow the introduc-
tion of evidence of a prosecution witness's prior consistent
statements to rehabilitate the witness after he had been im-
peached where the prior consistent statements were not admit-
ted to disprove a charge of recent fabrication and where the
witness did not deny making the prior inconsistent statements.
This was not harmless error in the case at bar.

3. The defendant's introduction of evidence regarding the
prior misdemeanor convictions of a defense witness, after the
trial court's denial of a defense motion *in limine* to exclude the
introduction of that evidence, does not bar the Court of Appeals
from hearing the defendant's claim, because the apparent
purpose of defense counsel was to reduce the prejudicial impact
of the conviction evidence by introducing it himself, since the
trial court refused to exclude it. This was not a waiver of the
defendant's objection.

Reversed and remanded.

References for Points in Headnotes
[1] 81 Am Jur 2d, Witnesses §§ 569-575.
[2] 81 Am Jur 2d, Witnesses §§ 641-655.
[3] 5 Am Jur 2d, Appeal & Error § 717.
[4] 5 Am Jur 2d, Appeal & Error §§ 601-603.

1. WITNESSES—CRIMINAL LAW—EVIDENCE—PRIOR MISDEMEANOR CONVICTIONS—IMPEACHMENT.

Evidence of a witness's prior misdemeanor convictions may not be used by the prosecution solely for impeachment purposes.

2. WITNESSES—EVIDENCE—PRIOR CONSISTENT STATEMENTS—REHABILITATION OF WITNESS.

Evidence of a witness's prior consistent statements is inadmissible to rehabilitate the witness except to rebut a charge of recent fabrication or as evidence of the fact that the witness had made a prior inconsistent statement; whether evidence is probative of either of these facts is a matter within the trial court's discretion.

3. EVIDENCE—APPEAL AND ERROR—IMPROPER ADMISSION OF EVIDENCE—MOTION IN LIMINE.

A trial court's error in admitting evidence is generally cured when a party opposing the introduction of the evidence makes use of evidence similar to that to which he objected; however, an exception arises where the objecting party uses the evidence in self defense, to explain or rebut the original evidence; this "self-defense" exception should be expanded to allow an appellate court to reach the merits of an evidentiary issue despite the objecting party's trial tactic of admitting the evidence himself after the denial of an *in limine* motion to exclude the evidence in question.

4. EVIDENCE—EXCLUSION OF EVIDENCE—MOTION IN LIMINE.

A motion *in limine* to exclude evidence is proper.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Paul C. Louisell,* Assistant Prosecuting Attorney, for the people.

*Durant & Card,* for defendant on appeal.

Before: DANHOF, C.J., and V. J. BRENNAN and R. H. CAMPBELL,* JJ.

PER CURIAM. Defendant was found guilty by a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

jury of the offense of carrying a dangerous weapon in a motor vehicle, which is proscribed by MCL 750.227; MSA 28.424.

It was undisputed at trial that a pistol was removed by police from a car in which defendant and a female companion had been riding. The case for the prosecution rested mainly upon the testimony of a police officer who stated he had seen defendant leave the driver's position of the car and walk around it to the passenger's side, where he re-entered and attempted to conceal a handgun between the seats. Witnesses for the defendant testified that defendant was riding as a passenger only and had exited the car to examine it for a noise it was making. Both defendant and his companion denied knowledge that a gun was in the car. The vehicle was owned by neither defendant nor his companion.

While presenting its case in chief, the prosecution was permitted, over defense objection, to introduce prior consistent statements by one of the arresting officers, Officer Holt, who had testified for the people and had been impeached on cross-examination by evidence of prior contradiction. The trial court ruled such statements admissible whenever prior inconsistencies have been brought out. Upon the close of the people's case, defendant moved the court *in limine* to prohibit the prosecutor from impeaching one of defendant's witnesses, his companion, by reference to a prior misdemeanor conviction for accosting and soliciting. The trial court denied the motion, reasoning that witnesses, other than an accused, may be so impeached.

Both during voir dire and in its instructions after trial, the court informed the jury of the state's burden of proof. It told them on three

occasions that defendant was presumed innocent *until* the state presented sufficient evidence to convince the jury of defendant's guilt beyond a reasonable doubt. The court did not specifically charge that the presumption of innocence "goes into the jury room".

Contrary to defendant's objection, we find sufficient evidence on the record to support his conviction, see *People v Little,* 58 Mich App 12; 226 NW2d 735 (1975), *People v Filip,* 58 Mich App 564; 228 NW2d 464 (1975), *People v Stephens,* 58 Mich App 701; 228 NW2d 527 (1975), and no error in the court's burden of proof instructions, *People v Heard,* 31 Mich App 439; 188 NW2d 24 (1971), see *People v Parsons,* 105 Mich 177, 186–87; 63 NW 69, 72 (1895).

We agree with defendant, however, that the court erred in allowing defendant's witness to be impeached by misdemeanor convictions and in permitting the prosecutor's witness to be rehabilitated by evidence of prior consistent statements.

*People v Renno,* 392 Mich 45; 219 NW2d 422 (1974), holds that misdemeanor convictions may not be "used by the prosecution *solely for impeachment purposes". Id.,* at 55, 219 NW2d at 425. (Emphasis in original.) That decision is based on MCL 600.2158; MSA 27A.2158 and MCL 600.2159; MSA 27A.2159, which apply in this case. By their own language, these code sections respectively govern the impeachment of any "person * * * giving evidence," and any "person * * * as a witness."[1] Although *Renno* factually involved a witness who was a defendant, the case's analysis and holding apply to all witnesses. *People v Alphus Harris,* 56 Mich App 517, 528; 224 NW2d

---

[1] Similarly the new Michigan rules on impeachment by evidence of prior convictions apply to any "witness". MRE 609.

680, 685 (1974). See also *People v Bowen,* 77 Mich App 684; 259 NW2d 189 (1977), *People v Foster,* 77 Mich App 604; 259 NW2d 153 (1977).

Prior consistent statements are inadmissible to rehabilitate a witness except to rebut a charge of recent fabrication, *Brown v Pointer,* 41 Mich App 539; 200 NW2d 756 (1972), *rev'd on other grounds,* 390 Mich 346; 212 NW2d 201 (1973), or as evidence of the fact that a witness had made a prior inconsistent statement, *Stewart v People,* 23 Mich 63 (1871). Whether evidence is probative of either of these facts is a matter within the trial court's discretion. See *id.,* 76. Neither party contends that the prior consistent statements of Officer Holt were admissible to disprove a charge of recent fabrication. We do not have to decide whether it was an abuse of discretion to allow the evidence under the rule of *Stewart v People,* as it is apparent at a glance (see tr, pp 124, 129, 132) that the witness did not deny making the prior inconsistent statements. *Cf. People v Hallaway,* 389 Mich 265, 277; 205 NW2d 451, 455 (1973) *(Stewart* clearly inapplicable when no inconsistent statement made), *Leach v Detroit Electric R Co,* 129 Mich 286, 288; 88 NW 635 (1902) (same). But see *Woodrow v Johns,* 61 Mich App 255; 232 NW2d 688 (1975).

The cumulative effect of both rulings by the trial court was to diminish the credibility of a defense witness and to bolster the credibility of a witness for the prosecution. Since the evidence presented by each side was directly conflicting, witness credibility was crucial to the jury's verdict. See *People v Rahar,* 37 Mich App 577; 195 NW2d 77 (1972). Thus, we cannot say that only harmless error occurred. *People v Foster,* 77 Mich App 604; 259 NW2d 153 (1977), which found harmless error in

allowing impeachment by reference to prior misde-
meanors, is clearly distinguishable. In that case
the actual offense was never revealed to the jury,
the question and answer was stricken by the trial
judge, and the error was further cured by subse-
quent instructions.

This last point leads us to discuss another issue
which was neglected by both sides in their briefs.
The issue is unlikely to reoccur at trial, but its
resolution determines the propriety of our reach-
ing the merits of this case. The record shows that
evidence of the offense used to impeach defend-
ant's witness was first introduced by defense coun-
sel and that the prosecutor made only oblique
references thereto, not clearly understandable as
references to the witness's prior conviction, but for
the witness's own earlier admissions.[2] Defense

---

[2] The only arguable references on cross-examination to the crime of
accosting and soliciting were as follows:

"Q *[Mr. Damren, prosecutor]*: Is your general practice to drive
customers from the Rutland Manor place?

\* \* \*

"Q How many men were over at that location that evening?
"A Men? I don't know, I guess it was about 10 people there
altogether.
"Q How many people?
"A Ten.
"Q Ten. About how many men?
"A About six.

\* \* \*

"Q Were those all the girls that were there?
"A Well, a couple of girlfriends came in and left out, you know.
"Q Who did they leave with?
"Mr. Blank *[defense counsel]*: Objection.
"A I don't know.

\* \* \*

"Q How old is Patricia?
"A Patricia? She is about 25.
"Q How old is Delores?
"A Delores? 32.
"Q And I believe you are 18, is that correct?
"A Uh-huh.

counsel's apparent purpose was to reduce the prejudicial impact of the conviction evidence by mentioning it himself. This presents a question in our minds whether defendant has waived his objection.[3] See *State v Burt,* 249 NW2d 651 (Iowa, 1977), *State v Miller,* 229 NW2d 762 (Iowa, 1975), *cf., People v Iaconis,* 29 Mich App 443; 185 NW2d 609 (1971), *aff'd sub nom, People v Bercheny,* 387 Mich 431; 196 NW2d 767 (1972) (issue of waiver of objection to ruling on impeachment by witness's failure to take stand), *People v Draine,* 72 Mich App 592; 250 NW2d 139 (1976) (same), *People v Bernard Smith,* 81 Mich App 561; 266 NW2d 40 (1978) (same). We hold that he has not.

No Michigan cases have decided this precise issue. In *People v Renno, supra,* the defendant first admitted his prior misdemeanor convictions on

"Q How long have you known Delores?
"A About a couple of years.
"Q How long have you known Patricia?
"A About a year, I guess.
"Q Did Delores introduce you to Mr. Harris?
"A Yes.
"Q At one of those get togethers?
"MR. BLANK: Objection, relevancy.
"THE COURT: Sustained. Well, no, I will overrule that. I suppose their relationship is germane, it goes—well, you may answer that question.
"Was that at a get together?
"THE WITNESS: That I met—well, no, it wasn't exactly a get together. I just came over.

\* \* \*

"Q Had you taken John home on previous occasions?
"MR. BLANK: Objection, relevancy.
"THE COURT: No, that is overruled.
"A No."

The only remark that seems prejudicial of its own force—the prosecutor's reference to "customers"—was successfully challenged by defendant.

[3] We note, in summary disposition of the state's argument on the point, that defendant has otherwise preserved his objection by specific, timely objection. *See* 22 Michigan Law & Practice, Trial, §§ 71–74, pp 255–262.

direct examination by his counsel, yet the Supreme Court reached the merits of his objection on appeal without questioning whether the issue had been properly preserved.[4] *Renno,* however, is significantly distinguishable from the case before us in that the prosecutor's remarks in *Renno* standing alone clearly referred to the witness's prior conviction.[5] Various panels of this Court have split on the analogous issue of whether a defendant, by staying off the stand, waives his objection to the trial court's erroneous preliminary ruling that he could be impeached by certain evidence. See *People v Iaconis, supra,* (issue moot), *People v Draine, supra,* (issue preserved), *People v Bernard Smith, supra,* (issue preserved).

The Iowa Courts, in the only other cases we have found directly on point, have reached the merits of the evidentiary objection on appeal despite the opponent's trial tactics in admitting the evidence himself after denial of an *in limine* motion to exclude. *State v Burt, supra, State v Miller, supra.*

As a general rule, Wigmore states that an error in admitting evidence is cured by the opponent's use of evidence similar to that to which he objected, unless he uses it in self defense to explain or rebut the original evidence. 1 Wigmore, Evidence (3d ed), § 18, p 345.

We choose to follow the Iowa rule and expand

---

[4] *See also People v Sanders,* 394 Mich 439; 231 NW2d 639 (1975), holding *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974), retroactively applicable only when the reference to prior misdemeanors occurred first on cross-examination, the negative implication of which is that *Renno* applies prospectively regardless of when the reference first occurs. *But see People v Jackson,* 77 Mich App 392; 258 NW2d 89 (1977), holding *Renno* inapplicable when the only mention of prior misdemeanors came from the defendant.

[5] The prosecutor in that case expressly referred to the witness's arrest and conviction. *See People v Renno,* 392 Mich 45, 63–64; 219 NW2d 422, 429–30 (Coleman, J., dissenting).

the "self-defense" exception noted by Wigmore. Our decision is based on a policy of furthering the practical resolution of trial court errors at trial.

A motion *in limine* to exclude evidence is eminently proper. *Lapasinskas v Quick,* 17 Mich App 733; 170 NW2d 318 (1969). When successful, it is the only realistic means by which an opponent of excludable evidence can avoid prejudice to his case. See Anno: *Modern status of rules as to use of motion in limine or similar preliminary motion to secure exclusion of prejudicial evidence or reference to prejudicial matters,* 63 ALR3d 311, 313.[6] When the motion fails through an error by the trial court, the *in limine* procedure still serves a practical purpose. Knowing what the court plans by way of admission of testimony, the opponent can plan a strategy that will reduce the harmful impact of the court's error such as the strategy of being the first to introduce the objectionable evidence, as adopted by defendant in this case. If the opponent's tactics are successful, they may produce a verdict in his favor, despite the judge's mistake. This practice serves all interests in the suit, including the court's. It enhances the fairness of the trial, while reducing the risk that an erroneous ruling by the court will change the outcome of the suit, thereby necessitating a correction on appeal and possibly a new trial, which all entails more time and money. While we do not require

---

[6] The author of the annotation states:

"It is commonly understood by trial lawyers that prejudice implanted or stimulated in the minds of jurors can win trials, that objecting to the prejudicial material may only emphasize it, and that traditional 'curative' actions taken by trial judges when prejudicial material is objected to are ineffective and unrealistic and may aggravate the potential harm. In order to avoid this dilemma, counsel has often sought to secure in advance the exclusion from trial of prejudicial evidence or other references to prejudicial matters by means of a preliminary motion, sometimes called a motion in limine." 63 ALR3d 311. (Footnotes omitted.)

defendants to mitigate the damage of court errors in this fashion, we should encourage them to do so.

Reversed and remanded for new trial.