PEOPLE v BATTLES #2

Docket No. 49756. Submitted May 5, 1981, at Detroit.—Decided September 10, 1981.

Raymond J. Battles was convicted in Wayne Circuit Court of embezzlement and conspiracy to embezzle and was sentenced, Horace W. Gilmore, J. Defendant appeals. *Held:*

1. The trial court abused its discretion by denying defendant's motion for a continuance for the purpose of replacing his court appointed attorney with an attorney of his own choice. The denial of the motion was made pursuant to a local court rule but served to deprive defendant of his right to proceed with retained counsel of his own choice. The defendant was denied the effective assistance of counsel guaranteed him by both state and federal constitutions.

2. The trial court erroneously admitted hearsay evidence by allowing lengthy testimony concerning a statement made to the police by a res gestae witness; the witness was not present at the trial and the prosecution failed to show due diligence to secure his presence.

3. The trial court admitted prior consistent statements made by accomplices of the defendant for the purpose of bolstering the prosecutor's case. This was error and, given the weight the jury must have attributed to accomplice testimony in this case, it cannot be said that the admission of this evidence was harmless error. Defendant was denied a fair trial.

Reversed and remanded for a new trial.

1. CRIMINAL LAW — RIGHT TO RETAINED COUNSEL — LOCAL COURT RULES.

The right to a fair trial is so basic to our system of justice that blind adherence to a local court rule cannot be allowed to

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law §§ 753, 983.

Accused's right to choose particular counsel appointed to assist him. 66 ALR3d 996.

[2] 17 Am Jur 2d, Continuance § 3.

[3] 81 Am Jur 2d, Witnesses §§ 596-599.

deprive an accused of his right to proceed with retained counsel of his own choice should he choose to do so.

2. TRIAL — CONTINUANCE.

The desire of a trial court to proceed with a trial is not a sufficient reason to deny a defendant an otherwise proper request for a continuance.

3. EVIDENCE — PRIOR CONSISTENT STATEMENTS — HEARSAY.

A prior consistent statement of a witness is admissible only to rehabilitate the witness following impeachment by a prior inconsistent statement or to rebut a charge of recent fabrication; when admitted for this limited purpose, the statement is not hearsay.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Susan J. Smith,* Assistant State Appellate Defender, for defendant on appeal.

Before: BASHARA, P.J., and N. J. KAUFMAN and J. L. BANKS,* JJ.

J. L. BANKS, J. Defendant was convicted of embezzlement, MCL 750.174; MSA 28.371, and conspiracy to embezzle, MCL 750.157a(a), 750.174; MSA 28.354(1)(a), 28.371. He was thereafter sentenced to serve concurrent terms of from 3 to 10 years imprisonment. Because defendant was denied the effective assistance of counsel and because the trial court erroneously admitted hearsay evidence, we reverse and remand for a new trial.

On the day set for trial, November 8, 1979, attorney Thomas Law, on behalf of the defendant, moved for a short continuance so that defendant's

---

* Circuit judge, sitting on the Court of Appeals by assignment.

newly retained counsel, Frederick Lauck, could represent defendant instead of court-appointed counsel, Alan Ackerman. The motion for a continuance was made before the trial court. Attorney Law explained to the court that defendant had acquired the money needed to retain an attorney and had hired Mr. Lauck a week previously but that Mr. Lauck was then in the middle of another trial. Mr. Law's explanation went on to relate that Mr. Lauck had prepared a stipulation and order for substitution of counsel and for an adjournment and that he (Lauck) had expected the defendant to pick up the stipulation, carry it to attorney Ackerman's office for his signature and then have the stipulation filed. However, defendant's arrest on other charges precluded this arrangement and the stipulation was not signed or filed. When Mr. Lauck found out about the situation, he made phone calls to Chief Judge Dunn two days prior to trial and, on the day before trial was to begin, Lauck was told by Judge Dunn's clerk that he would have to bring in a formal motion.

As the trial began, attorney Ackerman candidly told the trial judge that he was not prepared to try the case because defendant had notified him that he had retained attorney Lauck during the previous week. Subpoenas were not delivered for alibi witnesses and Ackerman had not spoken with the defendant in several weeks.

Defendant explained, on the record, that the court had previously told him that if he had the money he could hire his own lawyer. He told the court that he had just received a check in settlement of a claim and that he no longer wanted attorney Ackerman to represent him. After the prosecutor noted that Chief Judge Dunn had denied the continuance motion, Judge Gilmore said that he was without authority to grant the motion

when Judge Dunn was present since, under the circumstances, Judge Dunn alone controlled the court's docket. WCCR 14.9. This ruling was an abuse of discretion.

The right to a fair trial is so basic to our system of justice that we cannot allow blind adherence to a local court rule to deprive an accused of his right to proceed with retained counsel of his own choice should he choose to do so. *Ungar v Sarafite,* 376 US 575, 589; 84 S Ct 841; 11 L Ed 2d 921 (1964), *Nilva v United States,* 352 US 385; 77 S Ct 431; 1 L Ed 2d 415 (1957).

Neither the defendant nor his counsel were negligent in informing the court of the change that defendant desired. No prior continuances or adjournments had been requested or granted and there is no indication that the change of attorneys was a delaying tactic. The desire of the trial court to proceed is not a sufficient reason to deny a defendant an otherwise proper request for a continuance. *People v Ferguson,* 46 Mich App 331, 339; 208 NW2d 647 (1973), *People v Charles O Williams,* 386 Mich 565, 577; 194 NW2d 337 (1972). Because counsel was not prepared for this trial and admitted that he was not, we find that the defendant was denied the effective assistance of counsel guaranteed him by both state and federal constitutions.

Since this case is to be retried, we address a question of hearsay evidence which may again arise. During trial, defendant's accomplices, Cox and Atherton, testified to their involvement in the crimes charged. Officer Karol Kapelczak of the Dearborn Heights Police Department testified at length, apparently from a police report, concerning a statement given by Wade Hannah, a missing res gestae witness. Later in the trial another

officer testified that, according to the Law Enforcement Information Network (LEIN), the license plate number referred to in Officer Kapelczak's testimony of what witness Hannah had reported belonged to a vehicle registered to the defendant. Defense counsel did not object. Moreover, the prosecution had another police officer summarize both accomplices' confessions for the jury.

When it was discovered that Wade Hannah had not been subpoenaed, the trial court correctly ruled that he was a res gestae witness and that the prosecutor had not shown due diligence in producing him for trial.

Even though witness Hannah was never produced, the prosecution argued in closing that

"a man was seen sometime around 10:00 o'clock smashing the window, never going in, though, and getting into a car matching the description of Mr. Battles' and with the same license number as Mr. Battles'."

Further, the prosecution argued, concerning the accomplice's testimony:

"Yes, the judge will tell you that Mr. Hannah was not brought into the courtroom and he will tell you that the law in Michigan, because it is the law that we do everything we can to assure a fair trial, you may presume that his testimony would be favorable to the defendant. But you heard basically what he would have told you and not objected to and in evidence. Sometimes it isn't easy to get witnesses in all the time. Sometimes jurors don't want to serve, sometimes witnesses don't want to come, it is tough, but we protect the defense. The judge will give it to you, that is the law, I don't quarrel with it. But regardless of whether we have Mr. Hannah in the courtroom, you have got the testimony of the two men that were in it with him and you have

got the testimony of other witnesses that indicate what he is telling you doesn't make sense."

The statement given by Wade Hannah to the police was inadmissible hearsay. *People v Hagle,* 67 Mich App 608, 614; 242 NW2d 27 (1976), MRE 801(c). Moreover, Hannah's preliminary examination testimony could not, and at retrial should not, be read to the jury under MRE 804(b)(1), because the prosecution failed to show due diligence in securing his presence at trial, required as a condition precedent under MRE 804(a)(5).

Assuming, *arguendo,* that Hannah would testify at trial in the same vein as he did to the police and at the preliminary examination, his testimony is not simply cumulative, but is most damaging to the defendant. This is especially true in light of the fact that most of the other damaging evidence against the defendant at trial was supplied by accomplice testimony.

Finally, admission of the accomplices' prior consistent statements for the purpose of bolstering the prosecutor's case was error. A prior consistent statement of a witness is admissible only to rehabilitate the witness following impeachment by a prior inconsistent statement or to rebut a charge of recent fabrication. When admitted for this limited purpose, the statement is not hearsay. *People v Miniear,* 8 Mich App 591, 603; 155 NW2d 222 (1967), *People v Harris,* 86 Mich App 301, 305; 272 NW2d 635 (1978). Given the weight the jury must have attributed to accomplice testimony in this case, we would not say that the admission of this evidence was harmless error. *Id.*

For these reasons, we find that the defendant was denied a fair trial, and we reverse and remand the case to the Wayne County Circuit Court for a new trial.

Reversed and remanded.