PALMER v HASTINGS MUTUAL INSURANCE COMPANY

Docket No. 56002. Submitted June 1, 1982, at Lansing.—Decided
September 7, 1982. Leave to appeal applied for.

William Palmer, president and sole shareholder of Palmer's
Poultry Farm, Inc., brought an action against Hastings Mutual
Insurance Company after Hastings denied insurance coverage
following the burning of four of Palmer's chicken coops in two
separate fires. Hastings had determined that the fires had been
intentionally set. The Huron Circuit Court, M. Richard Knob-
lock, J., entered judgment in favor of Hastings on a jury verdict
of no cause of action. Palmer appeals, alleging that the trial
court erred in excluding from evidence a tape-recorded conver-
sation between himself and a defense witness wherein Palmer
had denied burning the chicken coops or having them burned
by another person. When Palmer offered the tape into evidence,
the witness had testified that Palmer had asked him to burn
the coops and had later told him that he had someone else
burn them. *Held:*

The tape-recorded conversation was a prior consistent state-
ment, offered to show that the inconsistent statement testified
to by the witness had not been made. The recording was made,
however, after Palmer had instituted suit, at a time when he
must have known he was being investigated in connection with
the fires. The motive and opportunity for falsity was great. In
addition, nothing in the recorded conversation sheds light upon
the question of whether the inconsistent statement was made.
Therefore, the trial court properly excluded the offered re-
corded statement.

Affirmed.

1. EVIDENCE — HEARSAY — PRIOR CONSISTENT STATEMENT.

A witness's prior consistent statement, being hearsay, is gener-
ally inadmissible as substantive evidence; a prior consistent
statement is admissible, however, to rebut a charge of recent
fabrication, to rehabilitate the witness following impeachment
by use of a prior inconsistent statement, or when there is a

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 29 Am Jur 2d, Evidence § 500.

question as to whether a prior inconsistent statement was made.

2. EVIDENCE — HEARSAY — PRIOR CONSISTENT STATEMENT.

A witness's prior consistent statement offered to rehabilitate his testimony or to rebut a charge of recent fabrication must have been made at a time prior to the existence of any fact which would motivate bias, interest, or corruption.

3. EVIDENCE — HEARSAY — PRIOR CONSISTENT STATEMENT.

A witness's prior consistent statement, offered to show that a prior inconsistent statement was not made, was properly excluded from evidence where the consistent statement was made at a time when the witness's motive and opportunity for falsity was greatest and where nothing in the statement or in the circumstances in which it was made sheds light on the question of whether the prior inconsistent statement was made.

*Brian R. Schrope,* for plaintiff.

*Denenberg, Tuffley, Thorpe, Bocan & Patrick,* for defendant.

Before: DANHOF, C.J., and BEASLEY and J. P. SWALLOW,* JJ.

J. P. SWALLOW, J. Plaintiff, William Palmer, appeals as of right from a jury verdict of no cause of action in favor of defendant, Hastings Mutual Insurance Company.

Plaintiff was the sole shareholder and president of Palmer's Poultry Farm, Inc., a Michigan corporation, engaged in the business of chicken egg production. Defendant had issued an insurance policy to plaintiff covering the various chickens and coops owned by the corporation. On December 4, 1977, two of the coops were substantially destroyed by fire. Two more coops were destroyed by fire on December 23, 1977. While defendant first determined that the initial fire was accidental,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

subsequent investigation led defendant to the conclusion that the fires were intentionally set. Under the terms of the insurance policy, defendant denied coverage, leading to plaintiff's filing of a complaint against defendant on May 2, 1978.

At trial, plaintiff denied that he solicited William Anderson to burn the coops. He also denied that he told Anderson that he had hired another person to burn the coops. Anderson testified for defendant. He stated that plaintiff had asked him to burn the coops three times in the summer of 1977. Anderson testified that in February of 1978, plaintiff threatened him and told him that he had another man burn the coops. Plaintiff then offered to introduce a recorded conversation between himself and Anderson. The conversation was taped by the Michigan State Police in September of 1978, pursuant to a warrant. In the conversation, plaintiff denied intentionally burning the coops or having them burned by another person. The trial court ruled that plaintiff's prior statements were inadmissible hearsay, the correctness of this ruling being the only issue on appeal.

Generally, a witness's prior consistent statement is inadmissible as substantive evidence. *Brown v Pointer,* 390 Mich 346; 212 NW2d 201 (1973); *People v Battles #2,* 109 Mich App 487; 311 NW2d 779 (1981). While such statements are hearsay, they are admissible in certain circumstances. A prior consistent statement is admissible to rehabilitate the witness following impeachment by a prior inconsistent statement or to rebut a charge of recent fabrication. *People v Davis,* 106 Mich App 351; 308 NW2d 206 (1981); *People v Washington,* 100 Mich App 628; 300 NW2d 347 (1980); *People v Gardineer,* 2 Mich App 337; 139 NW2d 890 (1966). But see *Woodrow v Johns,* 61 Mich App

255; 232 NW2d 688 (1975). A prior consistent statement is also admissible when there is a question as to whether the prior inconsistent statement was made. *People v Miniear,* 8 Mich App 591; 155 NW2d 222 (1967); *People v Harris,* 86 Mich App 301; 272 NW2d 635 (1978); *Stewart v People,* 23 Mich 63 (1871).

Plaintiff concedes that the prior consistent statement was inadmissible to rehabilitate his testimony or to rebut a charge of recent fabrication. When offered for these purposes, the prior consistent statement must have been "given at a time prior to the existence of any fact which would motivate bias, interest, or corruption". *Brown v Pointer,* 41 Mich App 539, 548; 200 NW2d 756 (1972), *rev'd on other grounds* 390 Mich 346; 212 NW2d 201 (1973). See also *People v Miniear, supra; People v Gardineer, supra.* The prior consistent statement in the present case occurred after the initiation of this suit and at a time when plaintiff most likely knew that he was being investigated by the police. An obvious motive for fabrication existed. Plaintiff, however, argues that the time when the prior consistent statement was made is irrelevant when the statement is offered to show that the prior inconsistent statement was not made. In the present case, plaintiff's prior inconsistent statement not only tended to impeach plaintiff but also was substantive evidence against plaintiff as an admission of a party opponent. MRE 801(d)(2)(A). As such, there was a clear dispute over whether the inconsistent statement related by Anderson at trial was made. Yet, the trial court did not err in ruling that evidence of a prior consistent statement by plaintiff was inadmissible.

The rule that prior consistent statements are admissible on the issue of whether a prior incon-

sistent statement was made had its origin in *Stewart v People, supra.* There, the defendant had been charged with burglary. The principal witness against the defendant testified that the defendant had made statements implicating himself in the crime. The witness denied making a prior statement that tended to exculpate the defendant. Three witnesses testified that such an exculpatory statement had been made. With the existence of the prior inconsistent statement clearly in issue, the trial court ruled that the prior consistent statement by the witness was inadmissible. The Supreme Court agreed. Writing for the majority, Justice COOLEY first stated the general rule:

"If it were an established fact that the witness had made the contradictory statements, we should say that the supporting evidence here offered was not admissible. If a witness has given different accounts of an affair on several different occasions, the fact that he has repeated one of these accounts oftener than the opposite one, can scarcely be said to entitle it to any additional credence. A man untruthful out of court is not likely to be truthful in court; and where the contradictory statements are proved, a jury is generally justified in rejecting the testimony of the witness altogether." *Id.,* 74.

He noted, however, that this rule was not absolute. In certain circumstances, prior consistent statements would be admissible. These circumstances were left to the trial court's discretion. Justice COOLEY did state that it might be controlling if the prior consistent statement was made at a time or under such circumstances that the statement could be considered reasonably free of suspicion.

Applying these principles to the present case, the trial court did not abuse its discretion. Plaintiff's prior consistent statement was not made at a

time when it could be considered reasonably free of suspicion. To the contrary, the statement was made at a time when the motive and opportunity for falsity was greatest. There is nothing in the statement proffered by plaintiff or the circumstances in which it was made which uniquely sheds light on the question of whether the prior inconsistent statement was made. Accordingly, the prior consistent statement was properly excluded by the trial court as hearsay.

Affirmed.